Mr. Chief Justice Alvey
delivered the opinion of the Court:
In the argument of the case in this court two main propositions have been presented and discussed. First, is a radiator of the character of those involved in this case, and under the circumstances here presented, a fixture that wall pass to a purchaser of the realty as part thereof, at a mortgage sale ? And,secondly, will a conditional sale of chattels, or an agreement for preserving the quality of personalty, as *593 means of security for the payment of the price thereof, such as we have in this case, prevail as against a prior mortgagee of the realty, to which the personal articles have been attached ?
1. With respect to the first of these propositions, there would seem to be some diversity of opinion among the courts. Some very able courts have held that radiators, such as wé have in this case, bear the same relation to a building as gas fixtures, and that neither are fixtures in the sense that they form a part of the realty, and will pass therewith. This is the established doctrine of the courts of Pennsylvania, and of one or two other States. Bank v. North, 160 Penna. St. 303. In the case just mentioned, it was held that radiators and valves connecting with steam heating apparatus are not fixtures attached to the realty; that they are exactly analogous to gas fixtures and are severable from the real estate.
But we shall not decide this case upon that abstract view. We prefer to rest our decision upon the second proposition that we have stated, namely, that relating to a conditional sale, or the effect of the agreement under which the radiators were placed in the buildings.
2. There would seem to be neither principle nor justice upon which the complainant could claim to have included in its deeds of trust or mortgages the radiators and valves that were subsequently supplied by the defendant under the contract of December 20,1897, and thus defeat its right to the property for which it has never been paid. As we have seen from the facts of the case, the radiators were not so attached to the building that their detachment or severance would in any way injure the building. There were no special fittings required, and their place may be supplied, without trouble, by similar articles obtained in the market. The law in such case as the present would seem to be plain and well established in the American courts; the cases only varying in the application of the general rule, according to *594 the special circumstances of particular cases. The general rule deducible from the authorities is, that if, after the execution of a mortgage of the realty, chattels which belong to a third person, or upon which such third person has a chattel mortgage, or a lien, are affixed to the realty, his interest or lien does not thereby become subject to the prior mortgage, provided the chattels may be detached, notwithstanding the objection of the prior mortgagee, without injury to the freehold, so as to make it substantially less valuable than it would have been had the chattels never been attached thereto. This principle is fully supported in many well considered cases.
One of the best considered cases upon the subject is that of Campbell v. Roddy, 44 N. J. Eq. 244, decided in the Court of Errors and Appeal of New Jersey. In that case, the question arose out of the circumstance that a mortgagor of real property, after making the mortgage, had annexed to the real estate certain chattels, the machinery for an iron foundry, in which a third person claimed to have an interest. On a bill filed to foreclose the mortgage, a contest arose as to the right of the mortgagee to have all the property applied primarily to the payment of his mortgage, regardless of the interest which any other person might have had. in the annexed property before it was annexed. The personal chattels that had been bargained for by the mortgagor and annexed to the mortgaged premises, had been in part paid for, but for the balance he gave certain promissory notes, each containing the following agreement: “It is further agreed that the title to the property for which this note is given shall remain in said Robert Campbell until this note is fully paid.”
The Court of Errors and Appeal, upon review of the authorities and a full consideration of the case, denied the claim of the mortgagees of the realty. In speaking of the effect of annexing the chattels to the realty, the court said: “ But, as already observed, the real estate mortgagees in the *595 present case held their lien before the attachment to the realty of the mortgaged chattels. It is true that by force of the annexation they would become subjected to the lien of the real estate mortgage, absolutely, unless the lien of the chattel mortgagee intervenes. Any property belonging to the mortgagor which he chooses to annex to the mortgaged premises becomes realty. But it is difficult to perceive any equitable ground upon which the property of another which the mortgagor annexes to the mortgaged premises should inure to the benefit of a prior mortgagee of the realty. The real estate mortgagee had no assurance at the time he took his mortgage that there would be any accession to the mortgaged property. He may have believed that there would be such an accession, but he obtained no right, by the terms of his mortgage, to a lien upon anything but the property as it was conditioned at the time of its execution. He could not compel the mortgagor to add anything to it. So long, therefore, as he is secured the full amount of the indemnity which he took, he has no ground of complaint. There is, therefore, no inequity towards the prior real estate mortgagee, and there is equity towards the mortgagee of the chattels, in protecting the lien of the latter to its full extent, so far as it will not diminish the original security of the former. As already remarked, the real estate mortgagee is entitled to any annexation made by the mortgagor of his own property, but is not entitled to the property of others. The property of the mortgagor in these chattels, when he made the annexation, was an equity of redemption. So far as this interest had a value, it became subjected to the lien of the prior real estate mortgagee, but the value of his interest was the value of the property subjected to the lien.”
In the' case of Tifft v. Horton, 53 N. Y. 377, which is among the leading cases upon this subject, the owner of an elevator purchased from the plaintiff an engine and boiler to place therein, and to secure a part of the purchase money *596 gave his promissory note, secured by a chattel mortgage upon the property wherein it was stipulated that the engine and boiler should be and remain personal property until the note was paid. They were placed upon a foundation outside of the elevator and a house was built over them. Upon these facts the court held that the engine and boiler continued personal property until the note was paid, as against a prior mortgagee of the realty.
In the opinion of the court, delivered by Mr. Justice Folger, the subject is very fully and clearly discussed. The court said that it is well settled that chattels may be annexed to real estate and still retain their character as personal property. Of the various circumstances which may determine whether in any case this character is or is not retained, the intention with which they are annexed is one; and if the intention is, that they shall not by annexation become a part of the freehold, as a general rule they will not. The limitation to this is, where the subject or the mode of annexation is such, as that the attributes of personal property can not be predicated of the thing in controversy; as where the property could not be removed without practically destroying it, or where it or part of it is essential to the support of that to which it is attached. The court then proceeds to say: ,
“It may in this case be conceded, that if there were no fact in it but the placing upon the premises of the engine and boilers in the manner in which they were attached thereto, they would have become fixtures, and would pass as a part of the realty. But the agreement of the then owner of the land'and the plaintiff is express, that they should be 'and remain personal property until the notes given therefor were paid; and by the same agreement, power was given to the plaintiffs to enter upon the premises in certain contingencies, and to take and carry them away. While there is no doubt but that the intention of the owner *597 of the land was that the engine and boilers should ultimately become a part of the realty, and be permanently affixed to it, this was subordinate to the prior intention expressed by the agreement. That fully shows her intention, and the intention of the plaintiffs, that the act of annexing them to the freehold should not change or take away the character of them as chattels, until the price of them had been fully paid. And as the parties may, by their agreement, expressing their intention so to do, preserve and continue the character of the chattels as personal property, there can be no doubt but that as between themselves, the agreement in this ca'se was fully sufficient to that end.” And the court concluded that the agreement was not only good and sufficient as between the parties thereto, but was good and effectual as against a prior mortgagee of the realty.
The case of Warren y. Liddell, 110 Ala. 232, is a very direct authority upon this subject. In that case it was held, that where the vendee of personal property under a conditional sale, without perfecting his title thereto by pajunent of the amount due, attaches the property so purchased to land, which he had previously mortgaged, in such a way as to make it a part of the realty, but not in a manner to render it incapable of removal without detriment to the land, such annexation of the personalty to the land does not defeat or affect the rights of the conditional vendor. And in the case of Binkley v. Forkner, 117 Ind. 177, 184, it was declared by the court that “A prior mortgagee can not occupy the attitude of an innocent purchaser. The interests and rights of the holder of a chattel mortgage upon property which is annexed to real estate upon which there is an existing mortgage, must be determined by the practical application of equitable principles to the rights of the respective parties.” The same principle is laid down in the case of Bank v. Elmore, 52 Iowa, 541.
*598 The English doctrine upon this subject would appear to be in entire accord with the principle of the American cases to which we have referred. This is shown by the rule laid down in the case of Cumberland Union Banking Co. v. Maryport Hematite Iron Co. (1892), 1 Ch. 415, where it was held, that a stipulation that a machine should remain the property of the vendors until it was fully paid for was valid; and that, notwithstanding the inclusion in a mortgage deed of machinery to be after erected, the company could not confer on their mortgagees a better title to the machine than they had themselves.
In this case it does not appear that the deeds of trust contained any provision with respect to after-acquired property. But even if they had contained any such provision, it would have been without effect as to the radiators in question until payment made therefor. This is very clearly shown by the Supreme Oourt, in United States v. New Orleans RR. Co., 12 Wall. 362, 364. In that case, the court, by Mr. Justice Bradley, in disposing of a contention that after-acquired property was subject to a mortgage, said: “This, we apprehend, is an erroneous view of the doctrine by which after-acquired property is made to serve the uses of a mortgage. That doctrine is intended to subserve the purposes of justice, and not injustice. Such an application of it as is sought by the appellants would often'result in gross injustice. A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor’s hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest- as the mortgagor acquires; and if he purchase property and gives a mortgage for the purchase money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien *599 impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase money. This general rule, however, may be said to be subject to the exception, that when the property purchased is annexed to a subject already covered by the general mortgage, and becomes a part thereof, as in the case of iron rails which are purchased and laid down, and thereby become a part of the railroad, the general mortgage will attach.”
In deciding this case below, the learned justice seems to have rested his opinion mainly, if not exclusively, upon the case of Porter v. Pittsburg Steel Co., 122 U. S. 267; and that case has been strongly pressed as an authority by counsel for the appellee here. But we fail to perceive wherein that case has any controlling application to this. In that case railroad bridges were the subject-matter of controversy; and the court, in its opinion, said that “the bridges became a part of the permanent structure of the railroad, as much so as the rails laid upon the bridges or upon the railroad outside of the bridges.” The bridges, therefore, were not sever-able from the railroad without destruction of those parts of the railroad, and necessarily impairing the entire structure. The case is in no respects in conflict with the principle of the cases that we have cited. Bridges and rails necessarily become actual parts of the permanent structure of a railroad and are inseparable from it without destruction of the road itself. But in the present case no such condition of things exists. The radiators are severable without injury to the buildings, and it was contemplated, and expressly stipulated, by the parties when they were placed in the buildings, that they might be removed in the event of default in the payment of their price to the owner.
The case of Porter v. Steel Co., supra, has been the subject of examination in several recent cases, and the courts have all distinguished it in the same way, and shown that it is
*600 not at all at variance from the general principle maintained by the authorities upon which we have relied. This is notably so in the case of Holly Mfg. Co. v. New Chester Water Co., 48 Fed. Rep. 879, 888, and in the case of the General Electric Company v. Transit Equipment Company, 42 Atl. Rep. 101, 107; and also in the case of Warren v. Liddell, 110 Ala. 232,246, a case to which we have before referred. All these cases maintain the doctrine that it is competent to parties to agree that articles of personal property shall retain their quality of personalty until paid for, notwithstanding they may be annexed to a building on the land of the vendee, subject to the right of removal by the vendor; and that this right of the vendor of the personal articles may be enforced as against a prior mortgagee of the land and the building or structure in which .the articles were placed; provided such articles of personal property may be detached without material injury to the building or freehold.
In the opinion of this court there was error in the order or decree of the court below from which the appeal was taken, and it must therefore be reversed. The order will be reversed and the cause remanded, that the bill may be dismissed; and it is so ordered.

Order reversed and cause remanded.