### KIRCHMAN v. LAPP.

*(Superior Court of Buffalo, General Term. July 8, 1892.)*

1. FIXTURES—CHANDELIERS.
  Chandeliers attached to gas pipes in the ordinary manner are personal property, and do not pass by deed of the realty.
2. SAME—CHILD'S PLAYHOUSE.
  A children's playhouse built of boards picked up by a child of the vendor, and other children, nailed together and to the fence, and owned jointly by the children, does not pass with the realty.
3. SAME—PLUMBING.
  A faucet attached to a hot-water boiler in the house, and a rosebush in the yard, pass by deed of the realty.

Appeal from municipal court.
Action by Samuel J. Kirchman against Eva P. Lapp for conversion. Judgment for plaintiff, and defendant appeals. Modified.
Argued before TITUS, C. J., and HATCH and WHITE, JJ.
*Hayes & Farrar*, for appellant.  *O. C. De Witt*, for appellee.

HATCH, J.  Plaintiff purchased of defendant a house and lot. At the time of the purchase there were in the house two chandeliers, secured to the gas pipes in the ordinary manner of attaching such fixtures; also a brass faucet attached to the hot-water boiler, and constituting a necessary part thereof. In the rear part of the lot there were some loose planks or boards laid for a walk; also a small children's playhouse nailed to the fence; and upon some part of the lot there was growing a rosebush. No mention of any of these articles was contained in the deed of the premises, nor was any conversation had with respect thereto, during the negotiations which led to the purchase or upon the delivery of the deed. After the sale defendant occupied the premises, free of rent, to April 1st; then leased them at an agreed rent for one month, and upon the expiration of that period left the premises; and either at that time, or during the period of occupancy under the lease, removed the property before mentioned. Plaintiff brings this action for damages, claiming a conversion of the property by defendant. The court awarded a recovery therefor, and defendant now appeals. It appears from the record that an action was first brought against Edward Lapp, husband of the present defendant, and practically all of the testimony taken in that action. Upon its appearing that he was not a party in interest, the present defendant was brought in, and, by stipulation of the parties, the testimony so taken was made the evidence in this case. At the close of plaintiff's case defendant moved for a nonsuit, upon the ground that plaintiff had failed to prove a cause of action. The court, in reply to this motion, said: "I so hold as to the gas fixtures. As to the rosebush, and as to the faucet, there is evidence to show that these were fixtures; as to the plank and playhouse, there isn't any." The plaintiff was thereupon recalled, and testified that the playhouse stood in the corner of the fence, and was nailed to it. At the close of plaintiff's examination the court said: "I think the playhouse is part of the property." Defendant thereupon renewed his motion for a nonsuit upon the same ground as before, which motion was denied. There is nothing in the record to show that the court changed its mind in regard to the chandeliers until the direction for judgment is reached, when it is to be inferred that their value was included, for excluding the plank walk, which seems to have been done, and, including the chandeliers, the judgment rendered reaches the

amount of the plaintiff's claim, and, if not included, there is no basis for the amount awarded. In this view we are to see if the judgment can be sustained.

The chandeliers were personal property, and did not pass under the deed. *McKeage* v. *Insurance Co.*, 81 N. Y. 38. They were not mentioned in any form or at any time prior to the delivery of the deed; consequently they remained the property of defendant. After the sale and lease of the property, plaintiff and defendant's husband had a conversation, in which the husband stated: "I thought I was going to take the gas fixtures along, but I will leave them here for you." Plaintiff said: "I guess you will; they belong to me." If we assume that the husband had authority to bind the wife, plaintiff acquired no property right or title to the chandeliers by virtue of this promise, nor did he think he did, for he then claimed ownership, thinking doubtless that the deed transferred title. It was a mere naked promise, without consideration. It could not be upheld as a gift, for there was no delivery. In no view could it be inferred. It is insisted that there was a delivery of the property, and possession given, which evidenced, not only an intention, but an agreement, to pass the title. The basis of this claim is not true in fact, for the evidence shows that title to the realty passed prior to April; that defendant was then to occupy the premises free to April 1st, and pay for the following month; consequently plaintiff did not have actual possession of the realty during that time, much less any possession of defendant's personal property. I am of opinion that defendant had the title and right to remove the chandeliers. The court also held that the playhouse was part of the realty. This, I think, was error. The testimony disclosed that the playhouse was a small affair, placed upon no foundation, built of pieces of board picked up by defendant's boy and other children in the neighborhood, nailed together and to the fence, and owned jointly by the children. The bare statement of its character, method of construction, and use is all-sufficient to rebut any possible idea that it could have been intended or regarded as a permanent structure or fixture which would pass under a deed. *McRea* v. *Bank*, 66 N. Y. 489; *Leonard* v. *Clough*, (Sup.) 14 N. Y. Supp. 339. The faucet doubtless passed under the deed. It was a necessary adjunct to the boiler, and that was conceded to be part of the realty. The rosebush also passed with the title. The plaintiff, therefore, became entitled to recover whatever they were worth. In the most favorable view of the testimony, this could not exceed the sum of $5.50. The judgment appealed from is therefore modified by reducing the recovery to the sum of $5.50 damages, and $2.10 costs, and, as so modified, the judgment is affirmed. No costs allowed to either party in this court. All concur.