Under all the circumstances of the case, we cannot say that the verdict of the jury was excessive.

The judgment and order appealed from should be affirmed, with costs. All concur.

(47 App. Div. 35.)

### NEW YORK INV. & IMP. CO. v. COSGROVE et al.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

**1. FIXTURES—PLUMBING MATERIALS.**

Plumbing affixed to realty, but which may be removed without injury to the freehold, and which is not paid for, retains its character as personal property, when sold under an agreement that title will not pass until payment.

**2. MORTGAGES—CONDITIONAL SALES—PLUMBING MATERIALS AFFIXED TO REALTY.**

Since Laws 1897, c. 418, § 112, providing for the filing of conditional contracts of sale, recognizes the right of a vendor of personal property to retain title thereto, as security for payment, on the filing of his contract of sale, a mortgagee of realty cannot prevent the removal of plumbing materials therefrom by the vendor, when not paid for, and sold under a duly-filed agreement that title shall remain in the vendor until payment is made, when they can be removed without injury to the freehold.

Appeal from special term, New York county.

Action by the New York Investment & Improvement Company against Joseph J. Cosgrove and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

On September 10, 1898, the defendant Campbell, the owner of the premises No. 18 Morningside avenue, New York City, executed to the plaintiff two mortgages thereon for $15,750 and $14,250. The latter was made to secure the repayment of sums which the plaintiff agreed to advance to Campbell to aid in the construction of a building upon the premises under a certain building-loan agreement. This agreement provided for 14 payments to be made as the work progressed. The thirteenth installment of $1,100 was to be paid when the plumbing work was fully completed. On March 17, 1899, the defendants Cosgrove & Simons made a contract with Campbell to furnish and put in certain water-closets, wash basins, tubs, sinks, and similar articles, commonly known as "plumber's fixtures." The contract provided that title should remain in the vendors until full payment had been made, and that in any case of default the vendors might enter and remove the property. They commenced to supply the articles on March 30, 1899, and on the following day duly filed their contract in the register's office of the county of New York, as provided by statute. Upon substantial completion of the work, the plaintiff, without actual knowledge of the agreement between Campbell and Cosgrove & Simons, made the payment agreed to be made at this period to the former. This action is brought to restrain the removal of the property from the premises by defendants Cosgrove & Simons, defendant Campbell having defaulted in the payments.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellant.

Joseph A. Flannery, for respondents.

BARRETT, J. The plaintiff's argument rests largely upon the assumption that the vendors of the plumbing materials by their own act made them a part of the realty. But this assumption is erroneous.

The trial court found, upon sufficient evidence, that these plumbing materials could be removed without injury to the freehold. In such a case it has long been settled in this state that articles which would ordinarily become fixtures, on account of their nature and the manner of their annexation to the realty, may retain their character as personal property by reason of a special agreement to that effect between the parties. Ford v. Cobb, 20 N. Y. 344; Tifft v. Horton, 53 N. Y. 377.

The plaintiff also contends that, because the materials had apparently been made a part of the realty by the acts of the vendors, and because its advances were made in reliance upon this condition of the property, without actual knowledge of the reservation of title contained in the contract of sale, the vendors cannot now be heard to assert their title. It is, however, well settled that the rights of the mortgagee of the realty are dependent upon the character of the materials as determined by the agreement between the vendor and vendee, regardless of his knowledge or ignorance of that agreement. Ford v. Cobb, supra; Tifft v. Horton, supra; Duffus v. Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925; Kerby v. Clapp, 15 App. Div. 37, 44 N. Y. Supp. 116; Lange v. Pisch (Com. Pl.) 30 N. Y. Supp. 220; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316. In other words, the law recognizes the absolute right of the vendor of personal property to retain his title thereto as security for payment. Undoubtedly this common-law right has been curtailed by statute. Laws 1884, c. 315; Lien Law (Laws 1897) c. 418. The latter act provides (section 112) that a condition in a contract of sale reserving the title to the vendor until payment "shall be void as against subsequent purchasers, pledgees or mortgagees in good faith * * * until such contract * * * or a true copy thereof be filed as directed in this article." The statute was undoubtedly framed with the view of protecting the rights of subsequent purchasers or mortgagees of chattels transferred by a conditional bill of sale. It had previously been held that one having possession of personal property under such a conditional agreement for its purchase could give no title thereto to a purchaser, although the latter acted in good faith, and parted with value without notice of the want of title of his vendor. Austin v. Dye, 46 N. Y. 500; Ballard v. Burgett, 40 N. Y. 314. The statute, recognizing this rule, provided for record notice substantially as in the case of chattel mortgages. The plaintiff cannot be in any better position under its mortgage upon the realty than it would have been in had it advanced its money upon the materials before they were annexed to the building, and taken a chattel mortgage thereon. In that case, prior to this statute, even such a subsequent mortgage upon the unannexed chattels would not have availed it. Nor, since the statute, would it have availed it if the conditional vendor had duly filed his contract. Why, then, should its mortgage upon the realty give it any greater rights? If this section of the lien law is applicable to all contracts for the conditional sale of chattels, where their personal character, although they may be annexed to the freehold, is retained by special agreement,—and that, we think, is its fair construction,—then the conditional vendor here has done all that the law required of him

to preserve his rights. He could do no more. And, if what he has thus done is insufficient to protect him, it must be because the annexation of the materials to the freehold takes the case out of the statute, and out of the rule as to conditional sales which preceded the statute. But, even if the annexation excludes the statute and the rule,—which we do not concede,—then the ordinary rule laid down in Ford v. Cobb, supra, applies; and, as the materials can be removed without injury to the building, the "convention" of the parties in no wise clashes with "the nature of the subject." The reservation in the conditional contract of sale should consequently be enforced. Upon the effect of the annexation upon the conditional sale the case of Ford v. Cobb is more directly in point than even Tifft v. Horton. It was there held that certain salt kettles upon which the vendor had a chattel mortgage for the purchase price, which he duly filed, did not pass to a subsequent grantee of the salt works, although the kettles were imbedded in brick arches upon the premises. The court said:

"The kettles were originally personal property. The agreement contained in the chattel mortgage preserved their character as personalty, which would otherwise have been lost by their annexation. They therefore continued to be personal chattels, notwithstanding the annexation; and the plaintiff, by filing the mortgage, observed all the formalities required by law to preserve their lien upon that kind of property. The title to the kettles did not, therefore, pass by the conveyance to the plaintiff."

There can be no reason for distinguishing between the result of a compliance with the statute requiring the filing of chattel mortgages, and the present one relating to conditional sales.

The judgment should be affirmed, with costs. All concur.