(54 App. Div. 153.)

PFLUGER v. CARMICHAEL.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

1. MORTGAGE—FIXTURES—ORNAMENTAL VASES—STEPPING STONE.

Plaintiff's wife mortgaged a house and land to defendant, plaintiff joining in the mortgage. At the time of foreclosure plaintiff had purchased and placed in the garden in front of the house two heavy vases for ornamental purposes, and, on the sidewalk, a stepping stone with plaintiff's name cut thereon. None of these were attached to the ground in any way, and all had been moved several times. *Held*, that neither vases nor stepping stone passed by sale in foreclosure, since they were not fixtures.

2. SAME—IMPROVEMENTS.

A mortgage of land "with all the buildings and improvements thereon erected" does not cover heavy ornamental vases standing in the garden of the house on the premises, and not in any way attached to the soil, nor a stepping stone on the sidewalk in front of such premises, since such articles cannot, as a matter of law, be held to be improvements.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Frederick Pfluger against James Carmichael for conversion. From a judgment of the municipal court in favor of the plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Nathan Ottinger, for appellant.
Robert O'Byrne, for respondent.

JENKS, J. The realty belonged to the wife of the plaintiff, but the plaintiff owned the articles in dispute. The appellant contends that the undisputed evidence establishes as a matter of law that the stepping stone and the vases were not personal property. In determination of this question, the rule between mortgagor and mortgagee is the same as between grantor and grantee. McFadden v. Allen, 134 N. Y. 490, 32 N. E. 21, 19 L. R. A. 446. The learned counsel for the appellant urges that his contention need but be based upon the plaintiff's own admission that the articles were there "for the purpose of ornamenting the ground," and that "they were sufficiently heavy to stand by their own weight." The fact that they were placed as ornaments is not of great importance. In one of the cases cited by the appellant (D'Eyncourt v. Gregory, L. R. 3 Eq. 396), Romilly, M. R., speaking of the character of the articles (vases) in suit, says: "I think it does not depend * * *, but upon this: Whether they are strictly and properly part of the architectural design for the hall, * * * and put in there as such, as distinguished from mere ornaments to be afterwards added." Snedeker v. Warring, 12 N. Y. 170, cited by counsel as conclusive, may be distinguished, for there, though the statue was not fastened to its base, it weighed three or four

tons, and, as said by the court, rested as firmly by its own weight as if otherwise affixed; and, moreover, it was placed on a permanent base of masonry, with seams pointed with cement, superimposed upon an artificial mound built purposely to receive it, and raised three or four feet above the surrounding land upon a substantial stone foundation. And the sun dial was three or four feet high, of material similar to the house and to the statue, and supported or constructed upon a block of red stone in the form of a pedestal. The vases in D'Eyncourt v. Gregory, supra, were of sculptured marble, and held to be strictly and properly a part of the architectural design of the hall. The purpose of the annexation, and· the intent with which it was made, are the important considerations in this case. McRea v. Bank, 66 N. Y. 489, 495. Intention does not mean the undisclosed purpose, but the purpose as manifested by acts and the sound inferences therefrom. Snedeker v. Warring, supra; Hopewell Mills v. Taunton Sav. Bank, 150 Mass. 519, 23 N. E. 327. The name of the plaintiff was cut into the stone, which was placed upon the sidewalk, not fastened to it in any way, and had been moved several times. The vases, which weighed two or three hundred pounds, were placed in the garden in front of the house, were not fastened to the soil in any way, and had been shifted from time to time. I am of opinion that the court could not say, as matter of law, that such articles were annexed by the plaintiff with the intention that they should form part of the realty. If the question be less clear as to the stepping stone, it must be remembered that the name of the owner was cut into it, and that it was placed upon the sidewalk.

The appellant further insists that, inasmuch as the mortgage by plaintiff and his wife, and the sheriff's deed on foreclosure, conveyed the premises with "all improvements," this necessarily included those articles as matter of law. The expression of the mortgage is, "All that certain piece  *  *  *, with the buildings and improvements thereon erected." The authority cited by the learned counsel (French v. Mayor, etc., 16 How. Prac. 220) holds that the term "improvements" in the lease in that case embraced every addition, alteration, erection, or annexation made to render the premises more "available, profitable, and useful, or more convenient." True, the court says that "improvements" is a more comprehensive word than "fixtures," and includes them. But the question in this case is whether the articles are fixtures, and I seriously doubt whether a stepping stone or ornamental vases must necessarily, as matter of law, be held "improvements." Further, none of the articles passed upon in French v. Mayor, etc., supra, was of the character of the articles in this case; and the opinion of the court discusses the relations of the parties, and their manifest contemplation when the lease was made. So far as the contention of the appellant as to the right of action against the defendant is concerned, it is sufficiently met by the authority of Thorn v. Sutherland (Sup.) 16 N. Y. Supp. 831, affirmed in 131 N. Y. 622, 30 N. E. 864. As to the question of jurisdiction, it is sufficient to cite the decision of the court of appeals in Worthington v. Accident Co., 58 N. E. 102.

The judgment should be affirmed, with costs. All concur.