COSGROVE v. TROESCHER.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. FIXTURES—CARPETS—GAS FIXTURES—WINDOW SHADES—ASH CANS.
　　Carpets, window shades, gas fixtures, and detached ash cans are movables, and not fixtures, as against mortgagee.
2. SAME—RANGES.
　　Ranges attached to a gas-supply pipe, and connected with a flue, but otherwise unconnected with the building, are movables, and not fixtures.
3. SAME—AWNINGS—DRYING FRAMES—GAS LOGS—REFRIGERATORS—INTENTION.
　　Whether awnings, drying frames, gas logs, and refrigerators placed in alcoves specially constructed for refrigerators are movables, and not fixtures, depends on the intention of the owner, to be determined from his acts and conduct and all surrounding facts and circumstances.

Appeal from trial term, New York county.

Action by Thomas J. Cosgrove, as assignee of Thomas J. Brennan, against Anna Estelle Troescher. From a judgment for defendant, plaintiff appeals. Reversed.

This is an action for conversion. Plaintiff's assignor constructed three apartment houses, consisting of 11 apartments each, at the southeasterly corner of 105th street and the Boulevard. After their construction, he carpeted the halls and stairways. The carpets were nailed to the floor. He placed in the kitchen of each apartment a gas range resting upon four legs on a concrete hearth, and attached to the supply pipe, and connected with a flue. He also placed a refrigerator in an alcove, specially constructed for a refrigerator, in each apartment. Some of the refrigerators were fastened to pieces of flooring at the side, but the others were not attached to the building, except that they were connected by a waste-water pipe with the sewer; and they were not put in as part of the construction of the houses, or as necessary to complete them. He purchased awnings for 52 windows. These were stored in the cellar at the time in question (and it does not appear that they had ever been put up). He also purchased 474 window shades, which were hung in place in the usual way. One gas range, with asbestos back, was inserted in the fireplace in each apartment, and was screwed to the gas-supply pipe. There were 12 detached ash cans provided for the use of tenants. There were five iron clothes poles, or racks, or drying frames on the roof, nailed to movable beams or planks for the protection of the roof. After the construction of the apartment houses, plaintiff's assignor mortgaged the premises to defendant. After renting some of the apartments, the general assignment was made, and the assignee put in some of the gas logs after the making of the mortgage. Subsequently the mortgage was foreclosed, and defendant purchased the property on the foreclosure sale. The assignee then claimed the property hereinbefore described, and demanded delivery thereof by defendant, and upon refusal this action was brought. The trial judge was of the opinion that it was a question of fact depending upon the intention of the owner as to whether all these items were personal property or fixtures, and left the determination thereof to the jury. To this plaintiff's counsel excepted, and thereupon requested the court to charge the jury as to each item of property separately that it was personal property as matter of law, and excepted to the refusal of the court to so charge.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
Joseph Fettretch, for respondent.

LAUGHLIN, J. Some of these articles were, as matter of law, personal property, and this necessitates a reversal of the judgment. It is now well settled by authority that carpets, window shades, and gas fixtures are movables, and not fixtures. McKeage v. Insurance Co., 81 N. Y. 38, 37 Am. Rep. 471; Manning v. Ogden, 70 Hun, 399, 24 N. Y. Supp. 70; Shaw v. Lenke, 1 Daly, 487; Kirchman v. Lapp (Super. Buff.) 19 N. Y. Supp. 831; Towne v. Fiske, 127 Mass. 125, 34 Am. Rep. 353; Rogers v. Crow, 40 Mo. 91, 93 Am. Dec. 299; Capehart v. Foster, 61 Minn. 132, 63 N. W. 257. It needs no citation of authority to show that the ash cans were personal property. We are also of opinion that the ranges were movables, as matter of law. They were not set in any place specially constructed for them. They stood out on the floor, wholly disconnected from the walls, floor, or ceiling, except that they rested on feet, which were not attached, and

were connected with the flues as stoves are generally connected. Their connecting pipes were screwed onto the gas-supply pipes, but this was similar to the connection between an ordinary stove and a permanent boiler, and in no material respect differs from the attachment of gas fixtures. It has been held that portable furnaces, stoves, and stove pipes are movables. Freeland v. Southworth, 24 Wend. 191; Towne v. Fiske, supra. It is quite likely that the refrigerators and gas logs were also movables as matter of law, but the evidence is not sufficiently definite or satisfactory to enable us to so declare. It does not appear whether the alcoves in which the refrigerators were placed were finished off to correspond with the rest of the room, or whether the refrigerators were purchased in the market, or specially constructed to fit these alcoves. It does not appear that the trimmings and furnishings of the refrigerators corresponded with those of the room in which they were located. The evidence does not show whether the awnings had been specially constructed for the windows of these apartments or whether they had been used. The same is true of the drying frames. For aught that appears in the record, the awnings, drying frames, gas logs, and refrigerators may have been constructed and furnished under circumstances that would show they were intended as permanent fixtures. Pratt v. Baker, 92 Hun, 331, 36 N. Y. Supp. 928. The determination of the question may depend upon the intention of the owner, to be ascertained, not from his testimony as to what he intended, nor from any undisclosed purpose or intent which he may have had, but from his acts and conduct, and all the surrounding facts and circumstances. Pfluger v. Carmichael; 54 App. Div. 153, 66 N. Y. Supp. 417; Snedeker v. Warring, 12 N. Y. 170–178; Hopewell Mills v. Taunton Sav. Bank, 150 Mass. 519–522, 23 N. E. 327, 6 L. R. A. 249. In Potter v. Cromwell, 40 N. Y. 287, 100 Am. Dec. 485, the court states that:

"The true criterion of a fixture is the united application of three requisites: First, actual annexation to the realty or something appurtenant thereto; second, application to the use or purpose to which that part of the realty with which it is connected is appropriated; third, the intention of the party making the annexation to make a permanent accession to the freehold."

This doctrine was reaffirmed in McRea v. Bank, 66 N. Y. 489, and in Ward v. Kilpatrick, 85 N. Y. 413, 39 Am. Rep. 674. In McRea v. Bank, supra, however, the court say that:

"If the property had, in its own nature, a determinate legal character, either as realty or personalty, the manner in which the parties treated it would not change that character. Yet when, as in this case, the character of the property [heavy machinery fastened to the floor by bolts, nails, and nuts] is not fixed, but depends upon the intention with which it was annexed, the conduct of the party who annexed it has an important bearing as throwing light upon that intention."

The property which we have declared movables as matter of law has, in its "own nature, a determinate legal character" as personalty, and falls within the exception pointed out in the opinion from which we have quoted.

The judgment should be reversed, and new trial granted, with costs to appellant to abide the event. All concur.