CENTRAL UNION GAS CO. v. BROWNING.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. FIXTURES (§ 22*)—GAS RANGES.
    In the absence of a contract of conditional sale, or other evidence of an intention that gas ranges, affixed to the kitchens in an apartment house designed to rent, should remain personal property, they became fixtures.
    [Ed. Note.—For other cases, see Fixtures,. Cent. Dig. § 57; Dec. Dig. § 22.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2831–2846; vol. 8, p. 7664.]

2. FIXTURES (§ 20*)—CONDITIONAL SALES—GAS RANGES—CONTRACT—FILING—PURCHASE ON MORTGAGE FORECLOSURE.
    Lien Law (Laws 1897, c. 418) § 112, as amended by Laws 1904, c. 698, § 1, provides that every conditional sale contract of any chattels attached to a building shall be void as against subsequent bona fide purchasers or incumbrancers of the premises, unless, at the date of the delivery of such chattels, a contract shall have been filed and indexed, etc. Held that, where plaintiff installed certain gas ranges in an apartment building under a conditional contract of sale, and the ranges were so attached that, in the absence of evidence of a contrary intention, they would have become fixtures, such ranges, in the absence of the filing of the contract, on installation, became subject to a mortgage on the real property, and passed to a bona fide purchaser on foreclosure, freed from any right of the plaintiff therein.
    [Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 44–46; Dec. Dig. § 20.*]

    Miller and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by the Central Union Gas Company against Edward W. Browning. From a judgment for defendant on dismissal of the complaint on a trial before a jury, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John A. Garver, for appellant.
Clarence E. Thornall, for respondent.

INGRAHAM, P. J. This action was brought for the conversion of certain gas ranges which had been delivered by the plaintiff for installation in certain apartment houses in course of construction in East 137th street in the city of New York. The defense is that these gas ranges had been affixed to the realty, had been purchased by the defendant upon a sale of the property under a decree of foreclosure, and that the plaintiff had neglected to file the conditional bill of sale, as required by section 112 of the lien law (chapter 418 of the Laws of 1897).

Upon the trial it appeared that a corporation known as the Ignatz Florio Company was in September, 1907, engaged in constructing apartment houses in East 137th street, and made a contract with the plaintiff by which the plaintiff delivered to the Florio Company certain gas ranges to be installed in the kitchens of the apartments erected upon the property. The buildings were designed for rental to separate tenants, each tenant renting one of the apartments. These ranges constituted the only method of cooking in the apartments, and without them the apartments would clearly have been unrentable. These gas ranges were set up on a cement hearth, connected with the gas pipe, and a flue connection was made between the range and the flue leading from the apartment. What was called a "lug" was constructed in the wall of the building. The ranges were set into the lug and then rested upon the legs of the range. After being thus inserted, they are connected with the gas pipe running through the building by certain elbows and joints screwed to the range and the gas pipe. There was then a flue connection made of stovepipe between the range and the flue. One end of the stovepipe was set on top of the range, with the flue connection, and the other set into the flue of the building. These ranges were delivered in January and February, 1908, and were affixed to the building in the manner stated by employés of the plaintiff during that period. One installment of what was called rental, but what was really the purchase price for these ranges, was paid; but the Florio Company failed to make any further payments. A mortgage had been placed upon this property by the Florio Company, which was subsequently foreclosed, and a judgment was entered, under which the premises were sold on June 2, 1909, and a deed delivered by the referee to the defendant, the purchaser, who thereupon acquired possession of these apartment houses, which included these gas ranges fitted to the buildings as aforesaid, without notice of any claim of the plaintiff or any one else until March 19, 1910, when the plaintiff served a demand upon the defendant for the return of these gas ranges. These facts appearing upon the trial, the Trial Term dismissed the complaint, holding that the defendant acquired a good title to this property under the provisions of section 112 of the lien law; the same provision being re-

enacted in article 4, § 62, of the personal property law (Consol. Laws 1909, c. 41).

The agreement under which these goods were delivered was executed by the Florio Company, and by it the Florio Company agreed to hire from the Central Union Gas Company, for a period of not less than one year .from the date of delivery, the appliances mentioned below, and pay a rental of $75 per annum in advance; it being un-. derstood that the title to such appliances should at all times remain in the company, regardless of sale, lease, or transfer of the said premises. It was further provided, in the event of the company removing the said appliances by reason of the consumer's failure to comply with the conditions of the contract, all sums paid by the consumer .under the agreement should be retained by the company as reasonable compensation for rent of, injury to, and wear and tear upon the said appliances up to the period when the last payment so made was due and payable; that the appliances should not be removed from the premises without the consent of the company. It was further understood and agreed that:

"Within one year from the date hereof the consumer has the option of purchasing from the company the appliances described above at the rate of $12 each: or when six consecutive yearly payments have been made, aggregating $450, the appliances above mentioned are to become the property of the consumer, and the company will furnish a bill of sale for same."

Although in the form of a lease, this was clearly a contract for a conditional purchase; for, by complying with the conditions and paying the contract price therefor, the gas ranges became the property of the purchaser. No copy of this contract was filed in any public office, and no notice was given to the mortgagee to the bidders at the sale under the decree of foreclosure, or to the defendant, the purchaser at said sale, until nearly a year after the.sale had been completed and the defendant had taken possession of the property.

Section 112 of the lien law as amended by chapter 698 of the Laws of 1904, provides:

"Every such contract for the conditional sale of any goods and chattels attached, or to be attached, to a building shall be void as against subsequent bona fide purchasers or incumbrancers of the premises on which said building stands, and as to them the sale shall be deemed absolute unless, on or about the date of delivery of such goods or chattels at such building, such contract shall have been duly and properly filed and indexed as directed in this article."

If this is a conditional sale, and I think it clearly is, then this section applied; and, notwithstanding the condition, the same became, as to bona fide purchasers or incumbrancers, absolute. I think it is quite immaterial to inquire whether by the annexation of these ranges they became a part of the freehold. It is undoubtedly true that, but for this provision of the personal property law, the question as to whether these ranges became fixtures, and so annexed to the freehold, would depend upon the intention of the parties at the time of the annexation, and that the contract under which they were delivered to the building would be competent, if not conclusive, evidence of the intention that they should not become fixtures, and not pass

under a conveyance of the property. See Fitzgibbons Boiler Co. v. Manhasset Realty Corp., 198 N. Y. 517, 92 N. E. 1084; Herzog v. Marx, 202 N. Y. 1, 94 N. E. 1063; N. Y. Investment Co. v. Cosgrove, 47 App. Div. 35, 62 N. Y. Supp. 372.

[1] In the absence of such a contract, or such evidence of such intention, I am inclined to think that such gas ranges, affixed to the kitchen of an apartment in an apartment house designed to rent, would become fixtures. As between landlord and tenant, the inclusion of such gas ranges in the kitchens by a landlord would evidently be part of the demised premises. Some appliance for cooking becomes necessary in such an apartment, and an apartment would be incomplete without some appliance for such purpose. The tenant certainly would acquire the right to use these gas ranges, and when a building is thus leased to tenants, including such ranges, which are necessary to make the apartments rentable, it would seem to me that a purchaser of the premises, acquiring the rights of lessor to the premises, would become a purchaser of the ranges and appliances necessary to make the apartments rentable and complete as part of the building itself. I think, therefore, that by the purchase of these premises at the sale under the judgment of foreclosure the defendant as the grantee in that deed became the purchaser of these gas ranges as an appurtenance to the property purchased, and that the mortgagor, who had affixed one of these gas ranges to each apartment, could not have recovered them from the purchaser at the sale under foreclosure as not being covered by the mortgage and not included in the purchase.

[2] The provisions of the section of the lien law before referred to applied to the transaction as between the plaintiff and the Florio Company. The plaintiff attempted to sell to the Florio Company these gas ranges for annexation to the building, under the condition that title should pass only upon the payment of the consideration named in the agreement. The provision of this section of the lien law is that the conditional sale should be void as against subsequent bona fide purchasers or incumbrancers of the premises upon which such building stands. This provision does not make the conditional sale void as to a purchaser of personal property covered by the conditional sale, but as to bona fide purchasers or incumbrancers of the premises upon which such building stands; i. e., a building to which the goods and chattels covered by the conditional sale are attached or are to be attached. Thus, when the sale was made of the goods or chattels either attached or to be attached to a building, the conditional sale as to such property was to be void as against a bona fide purchaser or incumbrancer of the premises on which the building stands, and as to them—i. e., such bona fide purchasers or incumbrancers—the sale shall be deemed absolute, unless the contract was duly and properly filed. What is necessary to appear is that the goods or chattels were sold to be attached to a building, and then the statute expressly provides that as to such goods and chattels the sale shall be deemed absolute as to any purchaser or incumbrancer of the building in good faith. The object of this statute was plainly to require a person attempting to

enforce such a conditional sale to file the contract therefor, so that purchasers or incumbrancers of the building should have notice that certain personal property therein contained had not become a part of the building, so as to pass to a purchaser upon the sale or incumbrance thereof. It seems to me that it was just such a case as the present that the statute was intended to affect. This conclusion is in accordance with the decision of this court in Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17, affirmed 193 N. Y. 622, 86 N. E. 1126. Plaintiff, however, claims that the act would be unconstitutional if it related to articles not so affixed as to become part of the real estate. But undoubtedly the Legislature could provide what articles should become part of the building and pass by a conveyance of the premises on which it was erected, and an owner of personal property after such a provision of law could not complain if he lost the property by reason of its attachment to the realty. The effect of this statute was that, where property was actually attached to a building, a sale of it to the owner of the building should be deemed absolute unless the contract embodying the conditions of such sale was properly filed. It seems to me this was clearly within the power of the Legislature, and that by the attachment of the gas ranges to the building with the knowledge of the plaintiff the sale became an absolute sale as to bona fide purchasers or incumbrancers of the premises. Plaintiff had notice as to the actual attachment of these gas ranges to the premises, and did itself attach them. I therefore think the sale became an absolute one, that these gas ranges became attached to the building, that the defendant as a bona fide purchaser of the premises without notice of the contract became the owner of the gas ranges, and the complaint was properly dismissed.

It follows that the judgment appealed from should be affirmed, with costs.

SCOTT and DOWLING, JJ., concur.

MILLER, J. I dissent. This court in this department decided that gas ranges, placed in apartment houses in practically, if not precisely, the same way in which the ranges in question were placed, retained their character as chattels as matter of law. Cosgrove v. Troescher, 62 App. Div. 123, 70 N. Y. Supp. 764. The statute— section 62 of the Personal Property Law (Laws 1909, c. 45 [Consol. Laws 1909, c. 41])—did not in terms or effect change the rule of law declared in that case. Indeed, it only indirectly involved the law of fixtures. Its plain purpose was to protect bona fide purchasers, pledgees, or mortgagees of chattels, subject to contracts of conditional sale. In its original form (Laws 1897, c. 418, § 112) it applied only to purchasers, pledgees, or mortgagees of chattels as such. But it was amended in 1904 (Laws 1904, c. 698, § 1), so as to protect purchasers or incumbrancers of premises having thereon a building containing fixtures. The provision, added by the said amendment, can have no application to the case of chattels which, from their nature, remain such, though attached to a building as these ranges were at-

tached, for the reason that the purchaser of the real property would get no title to them, even as against his vendor. The said provision was doubtless intended to apply to the class of cases in which the intention of the party attaching the chattel determines whether it retains its character as such; e. g., Fitzgibbons Boiler Co. v. Manhasset Realty Corp., 198 N. Y. 517, 92 N. E. 1084. We cannot hold that this case falls within that class without overruling Cosgrove v. Troescher, supra.

LAUGHLIN, J., concurs.