THE PREFERRED MUTUAL FIRE INSURANCE COMPANY OF CHE-NANGO COUNTY, Plaintiff, *v.* D. COLLIS WAGER, as Trustee in Bankruptcy of JESSE E. DODGE, Bankrupt, and Others, Defendants.

Supreme Court, Oneida County, January 2, 1931.

*Leon L. Arthur*, for the plaintiff.

*Edward L. Smith*, for the defendant.

DOWLING, J.   On June 16, 1924, Barney Sapiro was the owner of a newly-constructed office and business block, situate on the corner of Pearl and Washington streets, Utica, N. Y.   On that date he procured a loan from the plaintiff of $50,000, and executed a mortgage in that amount to the plaintiff covering said property. There was no provision in the mortgage relating to fixtures.   The moneys derived from the mortgage presumably were applied to the payment of the construction and equipment of said block.

On the 25th of September, 1929, defendant Wager, as trustee in bankruptcy of Jesse E. Dodge, recovered a judgment in the sum of $978 against Mr. Sapiro.

On June 28, 1929, plaintiff instituted an action to foreclose said mortgage and filed a notice of pendency, summons and verified complaint therein in the Oneida county clerk's office. Three parties were made defendants and were served with the summons.

On August 1, 1929, an amended summons and verified complaint, with six additional parties defendant, and an amended notice of pendency, were filed in the Oneida county clerk's office. The amended summons directed the defendants to answer " the amended complaint." No order was made permitting the bringing in of additional defendants or amending the summons and complaint, or permitting plaintiff to serve a supplemental summons and a supplemental amended complaint.

All the defendants defaulted in appearance. Upon application to the court, plaintiff was granted a decree of foreclosure and sale, and, pursuant thereto, the property was sold to the plaintiff, by the referee appointed in said decree, on October 29, 1929. The referee executed to the plaintiff a referee's deed on the 2d of November, 1929, which deed was recorded in the Oneida county clerk's office November 12, 1929.

On the 29th of October, 1929, the date of said foreclosure sale, the said building was occupied by business and professional tenants and was a going building. The following fixtures were in actual use in said building on the date of said sale: One Oil-O-Matic oil burner, partitions, window shades, two oil tanks, thermostat and control, thirty X-ray lamps and shades, two large window lamps with shades, two awnings, thirteen X-ray shades, and one directory sign.

Defendant trustee caused execution to be issued under his said judgment. On October 30, 1929, the sheriff of Oneida county made a levy on said Oil-O-Matic burner, partitions in the office of Adrian S. Malsan, and all of the window shades in said building. A sale of said articles was had on the 6th of November, 1929, and they were bid in by defendant trustee for twenty dollars.

On November 6, 1929, the sheriff of Oneida county, under said execution, levied upon the two oil tanks, thermostat and control, thirty X-ray lamps and shades, two large window lamps, with shades, thirteen X-ray shades. Said fixtures were sold by the sheriff of Oneida county on the 12th day of November, 1929.

Subsequent to November 12, 1929, the date when the temporary restraining order hereinafter mentioned was granted, the sheriff, at the instance of defendant trustee, was permitted to levy upon one

partition and seven electric light fixtures on the sixth floor; one partition and six electric light fixtures on the fifth floor; one partition and seven electric light fixtures on the fourth floor; six electric light fixtures on the third floor; six electric light fixtures on the second floor; eight electric light fixtures in the hall; eight electric light fixtures on the ground floor; one incomplete electric light fixture on the ground floor of said building. Plaintiff did not attend either of said sales.

Before defendant trustee had removed any of said fixtures from said property and on the 12th of November, 1929, plaintiff instituted this action for the following relief: "*Wherefore, plaintiff prays that these defendants, and each of them, their agents and servants, be restrained and enjoined from proceeding in any way with the sale, removal or interference with each and every item and article of property above mentioned and described and from any and all attempts to sell or remove same, or any thereof, from the real property herein above described, and that plaintiff have such other or further relief in the premises, or both, as may be just and proper.*"

On that date the Oneida county judge, upon application of the plaintiff, granted the following temporary restraining order: "*Ordered, that the above named defendants, and each of them, their agents and servants, are hereby restrained and forbidden to remove or attempt to remove, sell or attempt to sell, or in any way interfere with the following articles of property, to wit: 1 Oil-O-Matic Oil Burner, Partition, All window shades, 2 Oil Tanks, Thermostat and Control, 30 X-ray Lamps with Shades, 2 Large Window Lamps with Shades, 2 Awnings, 13 X-ray Shades and 1 Directory Sign, or any other property now located upon or in any building or buildings on the real property described in plaintiff's complaint herein, and known as the Washington Building, located at the northeast corner of the intersection of Pearl and Broadway Sts., in the City of Utica, N. Y., until the further order of this Court.*"

Plaintiff alleges in its complaint that the fixtures above described are so attached to the building as to become a part of the real property; that the defendant trustee threatens to remove the same, thereby causing irreparable injury to the plaintiff, and that plaintiff has no adequate remedy at law.

Defendant interposed an answer denying that the plaintiff has no adequate remedy at law and that said fixtures are so attached to said building as to become part of the freehold, and as an affirmative defense alleges that all of said fixtures are readily detachable from the building itself without material injury to same, and that said fixtures are and were at all times personal property belonging

to defendant trustee, and that they did not pass with the sale of said property to the plaintiff.

Defendant trustee contends that no valid sale of the mortgaged premises was or could be had under the action in foreclosure above mentioned; that there was no order permitting the joinder of additional defendants, the service of a supplemental summons and supplemental complaint, and that the sale had pursuant thereto was a nullity.

No such defense is pleaded by the trustee. No objection to the procedure followed by the plaintiff was raised by any of the parties defendant in said foreclosure action. If the trustee is in position to raise the question at all, which I very much doubt (*Casler* v. *Shipman*, 35 N. Y. 533, 540), the absence of an order permitting the procedure adopted by the plaintiff is a mere irregularity and plaintiff may enter an order *nunc pro tunc* curing the same. (Civ. Prac. Act, §§ 105, 109.)

The evidence is to the effect that the X-ray shades and lamps, levied upon by the trustee, are not, and never were, the property of the plaintiff or of Mr. Sapiro; that all of the fixtures mentioned in the complaint were attached to the building and in use therein when the plaintiff obtained the aforesaid mortgage, with the exception of the oil burner and the partitions in Mr. Malsan's office, which were installed after the execution of plaintiff's said mortgage.

The ground floor of the building in question is devoted to stores, and the upper floors to offices. The shades and awnings were made specially for the said building. The partitions on the first floor were installed by the plaintiff. The partitions in Mr. Malsan's office are so attached to the structure of the building that serious damage would result to it if they were removed. Furthermore, if said partitions were removed, Mr. Malsan's office would not be available for his business. Mr. Sapiro, when he leased to Mr. Malsan, agreed to furnish and maintain said partitions. None of said fixtures could be removed without rendering said building incomplete for the use for which it was designed.

The evidence is to the effect that it would cost approximately $575 to refinish the building if said fixtures were removed therefrom.

The trustee abandons any claim to the large oil tank and to the directory sign.

The evidence clearly establishes that all of the fixtures in question, excepting the X-ray lamps and shades, were annexed to the freehold for the purpose of permanently improving, and for the beneficial enjoyment of the same; that when said fixtures were installed by Mr. Sapiro it was his intention to make a permanent accession to the freehold. This being the case, said articles are

permanent fixtures and passed with the real estate to the plaintiff on said foreclosure sale, and are not subject to levy and sale under an execution as personal property. (*Potter* v. *Cromwell*, 40 N. Y. 287, 293, 297; *Cosgrove* v. *Troescher*, 62 App. Div. 123, 125; *Voorhees* v. *McGinnis*, 48 N. Y. 278, 282, 286; *Wahle-Phillips Co.* v. *Fitzgerald*, 225 id. 137, 139, 141.)

Plaintiff is entitled to judgment vacating the levies and sales made by the defendant herein, except as to the X-ray lamps and shades and the incomplete electric light fixture on the ground floor, and restraining the defendant as prayed for in the complaint, with costs.

Findings and judgment accordingly.