■ RICHARDS-DOWDLE, INC., Respondent, v. STATE OF NEW YORK, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The State appeals from a judgment which awarded claimant $11,000 for the appropriation of land upon which was situated an outdoor advertising sign supported by steel beams set in concrete beneath the surface of the ground. The award was based on evidence of the price claimant paid for the property in 1960, the value of the land on the appropriation date (Aug. 9, 1961), claimant's labor and material cost in erecting the sign in 1957 and the value of it on the appropriation date. The court excluded evidence which the State attempted to introduce to show that claimant had removed part of the sign after the appropriation. Exclusion of such evidence was error necessitating a new trial because such removal would be

evidence of a determination by claimant that the sign, or some part of it, was personalty (*Aber-Dulberg* v. *State of New York*, 15 A D 2d 712, affd. *sub nom.* *Marraro* v. *State of New York*, 12 N Y 2d 285). One of the criteria in determining whether the property is realty or personalty is the intention of the party making the annexation to make a permanent accession to the freehold (*Potter* v. *Cromwell*, 40 N. Y. 287). "The determination of the question may depend upon the intention of the owner, to be ascertained  *  *  * from his acts and conduct, and all the surrounding facts and circumstances." (*Cosgrove* v. *Troescher*, 62 App. Div. 123, 126.) (Appeal from judgment of Court of Claims for claimant for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.