GEORGE W. TIFFT et al., Respondents, *v.* CORNELIUS M. HORTON et al., Appellants.

Where chattels are annexed to real estate with the intent that they shall not thereby become part of the freehold, as a general rule the intent will control; to preserve their character as personalty a concurrent intent, on the part of a prior mortgagee of the real estate, is not necessary; and neither a prior nor subsequent mortgagee of the lands can claim, as subject to the lien of his mortgage, chattels brought upon and affixed to the lands under an agreement between the owner of the fee and the owner of the chattels, that the character of the latter as personal property is not to be changed, and that they are subject to a right of the owner to remove them.

Plaintiff sold to B. an engine and boiler to be put up in an elevator owned by the latter. Notes were given for a portion of the purchase-money, secured by chattel mortgage upon the property sold, executed before delivery, which mortgage contained a clause stating that the engine and boiler should be and remain personal property until the notes were paid, notwithstanding the manner in which they should be placed in the elevator; and in case of failure to pay, plaintiff was authorized to enter the elevator and remove them. They were placed upon a foundation outside of the elevator and an engine-house built over them. Upon foreclosure of mortgages upon the premises, executed before this purchase, defendant became the purchaser. The notes not being paid at maturity, plaintiff demanded the engine and boiler, and, upon refusal of defendant to deliver, brought this action for conversion. It was stipulated between the parties that the sale on foreclosure should not, in any manner, change the legal rights of the plaintiff. *Held*, that defendant acquired no lien upon the property in question by virtue of the mortgage, and that plaintiff was entitled to recover.

(Argued June 6, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, affirming a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

This action was brought to recover damages for the alleged conversion of a boiler and engine.

The plaintiffs, under a written contract, manufactured the engine and boiler in question, with other machinery, for Mrs. Jane Coombs Brown, to be put up and used in a new elevator, which Mrs. Brown was building, in the city of Buffalo. By the terms of the contract Mrs. Brown was to give, for a portion of the purchase-price of the boiler, engine and other machinery, her two promissory notes, to be secured by a mortgage on the boiler and engine. The notes and mortgages were to be executed and deliverd so soon as the engine and boiler were complete in the plaintiffs' shop, ready to be put up at the elevator. The boiler and engine and other machinery were completed according to the contract; and, while in the plaintiffs' shop, the mortgage was given as provided in the contract. It was provided in the mortgage that the engine and boiler should be and remain personal property until the notes mentioned in it were fully paid, notwithstanding the manner in which they should be placed in the elevator. The mortgage recited the fact that the engine and boiler were made to be put up in the elevator of Mrs. Brown, pursuant to the agreement above mentioned, and authorized the plaintiffs, in case of a breach of its condition, to enter the elevator, and take and carry the boiler and engine away. Mrs. Brown failed to pay the second note secured by the mortgage. The boiler and engine were not put in the elevator building, but on a foundation made for them, outside of the building; and a building, called the engine-house, was built over them after they were set up. After the mortgagor failed to pay the note, plaintiffs went to take the boiler and engine, and, finding the defendants in possession, demanded them. The defendants claimed to own them, and refused to let the plaintiffs have them. The defendants claimed title to the engine and boiler through three real estate mortgages, executed by Mrs. Brown before the boiler and engine were set up on the premises. These mortgages had been foreclosed, and the premises sold under judgments obtained in

the foreclosure actions, and the premises bid off by and conveyed to the defendants. The rights of the parties, by stipulation before sale, were not to be affected by the sales on the judgments in the foreclosure actions. The defendants asked the court to decide, as matter of law, that there was not any evidence of a conversion, by the defendants, of the boiler and engine. This the court declined to do. The defendants requested the court to decide that the boiler and engine were a part of the realty, as between the parties to this action, notwithstanding the written agreement. The court refused so to decide. The jury rendered a verdict in favor of the plaintiffs for the sum of $5,141.88, and judgment was entered thereon.

*M. A. Whitney and R. W. Peckham, Jr.,* for the appellants. The engine and boiler became a part of the realty, and were subject to the liens of defendants' mortgages. (*Potter* v. *Cromwell,* 40 N. Y., 287; *Voorhees* v. *McGinnis,* 48 id., 278; *Sparks* v. *State Bk.,* 7 Black. [Ind.], 469; *Capen* v. *Peckham,* 35 Conn., 88; *Alvord C. M. Co.* v. *Gleason,* 36 id., 86.) The agreement in the chattel mortgage was of no avail, unless consented to by the mortgagee of the real estate. (5 Am. L. Reg. [N. S.], 329, 330; *Leland* v. *Gassett,* Dig. [Vt. Rep.], 335; S. C., 17 Vt., 403; *Preston* v. *Briggs,* 16 id., 124; *Van Ness* v. *Pacard,* 2 Peters, 137; *Walmsley* v. *Milne,* 6 Jur. [N. S.], 125; S. C., 7 C. B. [N. S.], 115; Grady's Law of Fixtures, 153; 4 Metc., 310; *Butler* v. *Parker,* 7 id., 42; *Lane* v. *King,* 8 Wend., 584; *Shepard* v. *Philbrick,* 2 Den., 174; *Gillett* v. *Balcom,* 6 Barb., 370.) Under a mortgage on the land alone, all fixtures erected prior or subsequent to the mortgage are embraced. (7 C. B. [N. S.], 135, and cases cited; 4 Deac. & Ch., 703; 4 E. D. S., 474; 2 Barn. & C., 96; 2 Adol. & El., 157; 19 Barb., 317; 6 id., 370; 15 Mass., 159; 7 Metc., 40; 8 Wend., 584; 2 Den., 174; 2 Sandf. Ch., 359.)

*John Ganson* for the respondents. Plaintiffs had a right to fix the character of the property in the engine and boiler

by the agreement in the chattel mortgage. (*Ford* v. *Cobb*, 20 N. Y., 344, 349; *Potter* v. *Cornwell*, 40 id., 287, 294, 295; *Voorhees* v. *McGinnis*, 46 Barb., 242, 246; S. C., 48 N. Y., 278, 286.)

FOLGER, J. It is well settled that chattels may be annexed to the real estate and still retain their character as personal property. (See *Voorhees* v. *McGinnis*, 48 N. Y., 278, and cases there cited.) Of the various circumstances which may determine whether in any case this character is or is not retained, the intention with which they are annexed is one; and if the intention is, that they shall not by annexation become a part of the freehold, as a general rule they will not. The limitation to this, is where the subject or mode of annexation is such, as that the attributes of personal property cannot be predicated of the thing in controversy (*Ford* v. *Cobb*, 20 N. Y., 344), as where the property could not be removed without practically destroying it, or where it or part of it, is essential to the support of that to which it is attached. (Id.)

It may in this case be conceded, that if there were no fact in it but the placing upon the premises of the engine and boilers in the manner in which they were attached thereto, they would have become fixtures, and would pass as a part of the realty. But the agreement of the then owner of the land and the plaintiff is express, that they should be and remain personal property until the notes given therefor were paid; and by the same agreement, power was given to the plaintiffs, to enter upon the premises in certain contingencies, and to take and carry them away. While there is no doubt but that the intention of the owner of the land, was that the engine and boilers should ultimately become a part of the realty, and be permanently affixed to it, this was subordinate to the prior intention expressed by the agreement. That fully shows her intention and the intention of the plaintiffs, that the act of annexing them to the freehold, should not change or take away the character of them as chattels, until the price of them had been fully paid. And as parties may by their agreement,

expressing their intention so to do, preserve and continue the character of the chattels as personal property, there can be no doubt but that as between themselves, the agreement in this case was fully sufficient to that end.

But it is contended, that where in the solution of this question the intention is a criterion, it must be the intention of all those who are interested in the lands ; and that here the defendants, prior mortgagees of the real estate were interested, and have not expressed nor shown such intention. It is not to be denied, that as a general rule all fixtures put upon the land by the owner thereof, whether before or after the execution of a mortgage upon it, become subject to the lien thereof. Yet I do not think that the prior mortgagee of the realty, can interpose before foreclosure and sale, to prevent the carrying out of such an agreement as that in this case. Had the mortgagees taken their mortgage upon the lands, after the boilers and engine had been placed thereon under this agreement, they would have had no right to prevent the removal of them by the plaintiffs, on the happening of the contingencies contemplated by it. The rights of a subsequent mortgagee are no greater than those of a subsequent grantee, and he, it is held, cannot claim the chattels thus annexed, and must seek his remedy for their removal by virtue of such an agreement, upon the covenants in his conveyance of the lands. (*Mott* v. *Palmer*, 1 N. Y., 564 ; and see *Ford* v. *Cobb, supra.*)

A prior mortgagee, who certainly has not been induced to enter into his relation to the lands by the presence thereon of the chattels in dispute subsequently annexed thereto, has no greater right than a subsequent mortgagee. Neither could claim as subject to the lien of his mortgage, personal property brought on to the premises with permission of the owner of the lands, and not at all affixed thereto. Nor can either claim personal property as so subject, from the mere fact of the affixing, where, by the express agreement of the owner of the fee and the owner of the chattel, its character as personal property was not to be changed, but was to continue, and it to be subject to a right of removal by the owner of the chattel

on failure of performance of conditions. The language of the authorities is, that the chattel in such case is personal property, for which an action of trover for the conversion of it may be maintained. (*Smith* v. *Benson*, 1 Hill, 176; *Mott* v. *Palmer*, *supra*; *Farrar* v. *Chauffetete*, 5 Den., 527; *Ford* v. *Cobb*, *supra*.)

Another consideration makes it clear, I think, that in this case, the absence of a concurrent intention on the part of the prior mortgagees is of no weight. As above stated, as a general rule, all fixtures put upon lands by the owner thereof become a part thereof, and subject to the lien of a prior mortgage; but sometimes it is doubtful if they have been so annexed as to so become. And then, it is said, the question may be decided by the presumed intent of the party making the annexation of the chattels. (*Winslow* v. *Mer. Ins. Co.*, 4 Metc., 306.) The law makes a presumption in the case of any one making such annexation, and it is different as the interest of the person in the land is different, that is, whether it is temporary or permanent. The law presumes that because the interest of a tenant in the land is temporary, that he affixes for himself, with a view to his own enjoyment during his term, and not to enhance the value of the estate; hence, it permits annexations made by him to be detached during his term, if done without injury to the freehold, and in agreement with known usages. The law presumes that because the interest of the vendor of real estate, who is the owner of it, has been permanent, that he has made annexations, for himself to be sure, but with a view to a lasting enjoyment of his estate, and for its continued enhancement in value. So the mortgagor of land is the owner of it, and has a permanent interest therein, and the law presumes that improvements which he makes thereon, by the annexation of chattels, he makes for himself, for prolonged enjoyment, and to enhance permanently the value of his estate. (*Winslow* v. *Mer. Ins. Co.*, *supra*.) These are presumptions of the intention of the tenant alone, the vendor alone, and of the mortgagor alone; nor are they ordinarily concerned at all, with the relation to

the lands, or with the purpose of the landlord, or the vendee, or the mortgagee; though there may be cases in which the intention of both parties may be of effect, as where a mortgagee has loaned money with the understanding that it shall be applied to enhance the value of the estate by the addition of chattels in such manner. And they are but presumptions, which in all cases may be entirely done away with by the facts. (*Lancaster* v. *Eve,* 5 C. B. [N. S], * 717.) So in *Elliott* v. *Bishop* (10 Exch., * 496.; S. C. in error, 11 Exch., 113), it is recognized that the express agreement of a tenant, may prevent him from the exercise of his right to detach his annexations; which is the same as to say, that his agreement having shown that it was not his intention to remove them, the presumption of contrary purpose, which would otherwise arise, is repelled. So in *Potter* v. *Cromwell* (40 N. Y., 287, and cases cited), it is conceded that if the intention of the vendor of lands be to retain, in chattels annexed thereto, their character as personal property, such intention will prevail. So in *Voorhees* v. *McGinnis* (*supra*), it is conceded that if the intention of the mortgagor of lands had been that chattels annexed were to be removable, the prior mortgagee could not have held them against the receiver of the goods, &c., of the mortgagor. (See also *Crane* v. *Brigham,* 11 N. J. Eq. [3 Stockton], 29, 35; *Teaff* v. *Hewitt,* 1 Ohio St. [McCook], 511–531.) The general rules governing the rights of parties in chattels thus annexed to the real estate rest, as it appears, upon the presumptions which the law makes of what their purpose is in the act of annexation. This presumption grows out of their relation to and interest in the land, and not from the relation or interest in it of others which may be opposite. And as the presumption of their purpose grows alone out of their relation and interest, it is repelled by whatever signifies a purpose different; not a different purpose in those holding a relation which may become hostile, but their own different purpose. Hence I conclude that the agreement of the owner of the land with the plaintiffs, as it did fully express their distinct purpose that these annexations of boiler and engines

should not make them a part of the real estate, was sufficient to that effect without any concurring intention of the defendants as prior mortgagees.

Though the defendants became the purchasers of the land on the foreclosure of the mortgages, and were the owners of it in fee, and probably in actual possession of it, and of the boilers and engines annexed to it, before this action was brought or demand made of them for these chattels, yet they are to be considered in this case only as prior mortgagees of it. Such is the effect of the stipulation made by them that the sale upon the decrees should not in any manner change the legal rights of the plaintiffs in this action; but for this, it would have been necessary to have determined the effect upon the rights of the parties of the sale on foreclosure, and the change of title and possession of the lands, and the application to that state of facts of the principle laid down in *Lane* v. *King* (8 Wend., 584), and kindred cases.

It appears that the boilers and engine cannot be removed without some injury to the walls built up about them, and which are a part of the real estate; yet this fact will not debar the plaintiffs. The chattels have not become a part of the building; the removal of them will not take away or destroy that which is essential to the support of the main building, or other part of the real estate to which they were attached; nor will it destroy or, of necessity injure the chattels themselves; nor will the injury to the walls about them be great in extent or amount. So that the limitation hereinbefore stated does not apply.

It is proper to add, that the English case cited and much relied upon by the defendants, has not been overlooked. (*Walmsley* v. *Milne,* 7 C. B. N. S., * 115.) I do not gather from it that the decision was placed upon the ground (as the defendants claim), that the mortgagee of the land did not expect or understand that the chattels annexed were removable or to be removed. The opinion of the court seems summed up in the concluding sentence: " We think, therefore, that when the mortgagor (who was the real owner of the inherit-

ance), after the date of the mortgage, annexed the fixtures in question for a *permanent purpose* and for the better enjoyment of his estate, he thereby made them a part of the freehold which had been *vested by the mortgage deed in the mortgagee.*" It is to be borne in mind, too, that in England and in Massachusetts the rights of a mortgagee of land in the mortgaged premises are greater than in this State. He is regarded as the owner and the mortgagor in the light of a tenant. So that things annexed to the land become fixtures upon the land of the mortgagee, as it were. (See case last cited, page * 133; *Butler* v. *Page*, 7 Metc., 40.)

The judgment should be affirmed, with costs to the respondents.

All concur.

Judgment affirmed.