ETHEL MADFES, Respondent, v. BEVERLY DEVELOPMENT CORPORATION et al., Defendants, and THE COALECON COMPANY, INC., Appellant.

(Argued April 27, 1929; decided May 28, 1929.)

*John Van Voorhis* for appellant. There is no evidence to sustain the findings of fact that the gas ranges were physically annexed to the building so as to become part and parcel of the real estate. (*Freeland* v. *Southworth* 24 Wend. 191; *Cosgrove* v. *Troescher,* 62 App. Div. 123; *Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *Cohen* v. *1165 Fulton Ave. Corp.,* 222 App. Div. 378; *Ratchford* v. *Cayuga County C. S. & W. Co.,* 217 N. Y. 565; *Craine Silo Co., Inc.,* v. *Alden State Bank,* 218 App. Div. 263; *Creamery Package Mfg. Co.* v. *Horton,* 178 App. Div. 467; *McKeage* v. *Hanover Fire Insurance Company,* 81 N. Y. 38; *Towne* v. *Fiske,* 127 Mass. 125; *Guthrie* v. *Jones,* 108 Mass. 191; *Vaughan* v. *Haldeman,* 33 Penn. St. 522.)

*Leon J. Shapiro* and *Bernard D. Barnett* for respondent. The conditional bill of sale of the defendant-appellant is invalid as against the plaintiff. (*Kohler Co.* v. *Brasun,* 249 N. Y. 224; *Cohen* v. *1165 Fulton Avenue Corp.,* 222 App. Div. 378.)

KELLOGG, J. The defendant the Coalecon Company, Inc., under a conditional sale contract reserving title in

the seller until payment had been made, sold to the defendant the Beverly Development Corporation, certain gas ranges to be installed in an apartment house owned by the purchaser. The gas ranges were installed, and, to the extent that the gas piping in each range was attached by a simple coupling to the gas service pipe which delivered gas to the various apartments, were annexed to the building. Thereafter the defendant the Beverly Development Corporation, for the purpose of securing the payment of a sum of money borrowed from the plaintiff, executed and delivered to her a mortgage upon the apartment house premises. The mortgage was taken and the loan made by the plaintiff without knowledge on her part of the conditional sale contract or that title to the gas ranges had been reserved to the seller. After the execution and delivery of the mortgage and after the same had been duly recorded, the conditional sale agreement, whereby the gas ranges had been sold, was filed in the appropriate public office. In this action to foreclose the mortgage it has been held that the gas ranges were subject to the lien thereof and will pass to the purchaser at foreclosure sale.

It is provided in section 67 of the Personal Property Law (Cons. Laws, ch. 41), a new section added by the Laws of 1922, chapter 642, section 2, in part as follows: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

Certain chattels have such a determinate character as movables that they remain personal property, after their annexation to real estate, independently of any agreement between the owner of the chattels and the owner of the realty which so provides. (*Cosgrove* v. *Troescher*, 62 App. Div. 123; *Central Union Gas Co.* v. *Browning*, 210 N. Y. 10.) Other chattels, such as the brick, stone and plaster placed in the walls of a buiding, notwithstanding an agreement to the contrary, conclusively become real estate after annexation thereto. (*Ford* v. *Cobb*, 20 N. Y. 344, 351; *Voorhees* v. *McGinnis*, 48 N. Y. 278, 287; *Tifft* v. *Horton*, 53 N. Y. 377; *East New York El. Co.* v. *Petmaland Realty Co.*, 243 N. Y. 477.) " It will readily be conceded that the ordinary distinction between real estate and chattels exists in the nature of the subject, and cannot in general be changed by the convention of the parties." (*Ford* v. *Cobb, supra.*) " If the property had in its own nature a determinate legal character, either as realty or personalty, the manner in which the parties treated it would not change that character." (*McRea* v. *Central National Bank of Troy*, 66 N. Y. 489.)

Between the two classes of chattels, those which, after annexation, due to the inherent nature of the subject or the mode of annexation, remain personalty, and those which, due to the mode and purposes of annexation, conclusively become real estate, there was, at common law, a large class of movables which, after attachment, continued to be personal property, or became real estate, accordingly as the owner of the chattels and the owner of the real estate might have agreed. (*Ford* v. *Cobb, supra; Tifft* v. *Horton, supra; Fitzgibbons Boiler Co.* v. *Manhasset Realty Corp.*, 125 App. Div. 764; revd., on the dissenting opinion of Scott, J., 198 N. Y. 517; *De Bevoise* v. *Maple Avenue Construction Co.*, 228 N. Y. 496; *East N. Y. El. Co.* v. *Petmaland Realty Co., supra; Duntz* v. *Granger Brewing Co.*, 41 Misc. Rep. 177; 96 App. Div. 631; 184 N. Y. 595.)

The limitation set to this doctrine was that it should not include a chattel " where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy " (*Ford* v. *Cobb, supra*); " as where the property could not be removed without practically destroying it, or where it or part of it, is essential to the support of that to which it is attached." (*Tifft* v. *Horton, supra.*) At common law, articles of this third class, excepting those within the group excluded by the limitation, when sold under a conditional sale contract reserving title to the seller, after annexation retained their original character and continued to be the property of the seller, as against subsequent purchasers for value of the real estate, although, but for the intention of the parties evidenced by the contract, they would have become real property. (*Duntz* v. *Granger Brewing Co., supra; Fitzgibbons Boiler Co.* v. *Manhasset Realty Co., supra; De Bevoise* v. *Maple Avenue Construction Co., supra; East N. Y. El. Co.* v. *Petmaland Realty Co., supra.*)

Self-evidently, the provision quoted from section 67 of the Personal Property Law was intended to affect only chattels belonging to the class which we have denominated third. It was the legislative purpose that a condition reserving title in the seller, to be found in a conditional sale contract, should no longer have the effect of impressing upon articles, annexed to a building by the purchaser in such a manner as otherwise to have become real estate, the continuing character of personal property. The provision in terms relates to none other than goods " so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold." Goods affixed to realty which, in the absence of an agreement that their original character should be retained, would not have " become part thereof " but would in any event have remained personalty, are not affected by the pro-

vision. The statute provides merely that, in certain instances, a failure to file the contract will render the condition as to reservation of title void. The avoidance of the condition would not convert property sold, which is intrinsically personalty, into realty to become the subject of a real estate mortgage. In order that it might become real estate so that the statutory provision would take effect it must be property which after annexation, except for an agreement to the contrary, would have become part and parcel of the mortgaged land.

That gas ranges, independently of an agreement to that end between buyer and seller, retain their character as personalty, after annexation, has been held in two well-considered cases. In *Cosgrove* v. *Troescher* (*supra*), cited with approval in *Central Union Gas Co.* v. *Browning* (*supra*), the subject considered was gas ranges which were owned absolutely by the proprietor of an apartment house. They had been attached to a building which was subsequently mortgaged by its owner to a third person. The ranges were annexed to the real estate to the extent only that they were connected by couplings to the gas service pipes of the building. It was held that they were movables as a matter of law and were not subject to the lien of the real estate mortgage. In *Central Union Gas Co.* v. *Browning* (*supra*) gas ranges connected to a building by the usual attachment to the gas service pipe were held to retain their character as personal property after such annexation and not to be subject to a real estate mortgage placed upon the premises. The court said: "According to our view of the evidence, these ranges were not so ' attached ' to the building that, as matter of law, they became part of it."

In his dissenting opinion herein, Judge CRANE reminds us that apartment houses today are massive affairs, housing hundreds of families and occupying entire blocks; that gas ranges are the universal equipment of every

apartment in all such buildings. He expresses the view that, in holding that gas ranges, after attachment to real estate, do not become a part thereof, we are pressing the facts into an old-fashioned mold. The difficulty is that, when the case of *Central Union Gas Co.* v. *Browning* (*supra*) was decided, apartment houses of similar size and equipment to those referred to by Judge CRANE were then familiar structures. The complaint against the employment of an old-fashioned mold to give to gas ranges the outworn shape of movable chattels was as meritorious then as now. Nevertheless this court, in reversing the Appellate Division, held them to be personalty. It so held notwithstanding the fact that the very argument now urged by Judge CRANE was advanced by the Appellate Division in support of its holding. Thus this court laid down a rule of property which has doubtless governed the conduct of buyer and seller in innumerable sales which have since been made. We do not feel it to be the province of the court now to alter a rule of property so well established. If relief be needed, the Legislature may provide it.

The case of *Central Union Gas Co.* v. *Browning* (*supra*) is conclusive upon this issue and requires us to hold that the gas ranges in question are not subject to the lien of the mortgage held by the plaintiff. In so deciding we are not unmindful of the decision in *Kohler Co.* v. *Brasun* (249 N. Y. 224). In that case the subject considered was a machine, designed to furnish electric power and light, which had been sold under a conditional sale contract. The trier of fact had found that the machine had been so affixed to real estate as to become a part thereof, although easily severable therefrom without material injury to the freehold. The finding had been affirmed at the Appellate Division. We were dealing, therefore, with a typical case in which a condition reserving title, contained in a conditional sale contract, would have had the effect, except for the provisions of section 67, of

imparting the quality of personal property to a machine which otherwise, after annexation, would have taken on the character of real property. For this reason section 67 was effective, in aid of a subsequent purchaser for value, to restore to the machine its natural attributes as a real estate fixture and to make it subject to a real estate mortgage so that a purchaser, after foreclosure thereof, acquired title. Here we are asked to hold that the section has the effect of converting into real estate that which, irrespective of an agreement to that end, is intrinsically personalty. We think that the statute cannot properly be given a construction which would effectuate that result.

The judgment of the Appellate Division and that of the Special Term should be modified to provide that the gas ranges are the property of the Coalecon Company, Inc., which is entitled to their possession, and that the same are not subject to the lien of the mortgage, and as modified affirmed, with costs to the appellant.

CRANE, J. (dissenting). In dissenting, I will express my views so that the Legislature may understand the confusion which has been caused by the present state of the statutes.

This court held in *Central Union Gas Company* v. *Browning* (210 N. Y. 10) that, according to the evidence in that case, gas ranges installed in housekeeping apartments were not so attached to the building that as matter of law they became part of it. Retaining their characteristics as personal property they did not come within the conditional sales statute as it existed at that time. (Personal Property Law [Cons. Laws, ch. 41; Laws of 1909, ch. 45], sec. 62, as amended in 1904.) That statute read: " Every such contract for the conditional sale of any goods and chattels attached, or to be attached, to a building, shall be void as against subsequent *bona fide* purchasers or incumbrancers of the premises on which

said building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed and indexed."

The law is based upon fundamental principles and for a decision like this we must look through the facts to discover if possible the principle involved. For instance the law does not under all circumstances classify property. Buildings are realty, and such articles as stoves and ranges and refrigerators are personalty. There are circumstances, however, when the law considers realty as transformed into personalty and chattels so annexed to the realty as to become a part thereof. In other words, ranges or cook stoves may be so attached and annexed to the realty as to lose their identity as merely personal property; it depends upon circumstances, conditions, custom and the various other elements which enter into a question of fact. All these matters are questions of fact and have so been treated by the courts. A range, therefore, at one period of time and under certain conditions might be personalty; at another time it might be considered a chattel real. (*Jennings* v. *Vahey*, 183 Mass. 47.) The nature of the article and the object and effect and the mode of annexation are all to be considered. (*Hook* v. *Bolton*, 199 Mass. 244.) In that case, writing of gas stoves, kitchen ranges, etc., the court said: " It is entirely possible that the mode of construction and use of certain kinds of houses may be such that articles of this kind will be made a part of the house for permanent retention and use in the places where they are put. If it becomes a practice to build and use houses in such a way these articles may be put in as fixtures. As to the application of the law, we agree with Lord HALSBURY in what he said in *Leigh* v. *Taylor* ([1902] App. Cases, 157, 161) in regard to the decisions of the courts: ' The facts have been regarded in different aspects, according

to the fashion of the times, the mode of ornamentation, and the mode in which houses were built, and the degree of attachment which from time to time became necessary or not according to the nature of the structure which was be'ng dealt with.' "

The court in the *Browning* case cited *Cosgrove* v. *Troescher* (62 App. Div. 123), which in turn cited *Freeland* v. *Southworth* (24 Wendell, 191). The *Cosgrove* case dealt with carpets, window shades, gas fixtures and movables; also ranges not set in any place specially constructed for them and which set out wholly disconnected from the walls, taking on the nature of portable furnaces, stoves and stove pipes. These articles were always considered personal property and at the time in which these cases were written were customarily carted about by the tenant from place to place. They were not deemed or considered in the habits of the people to be a part of the realty or the rented establishments. The cases cited in these various authorities dealt with a time and a condition where these necessary utens'ls, furnishings or stoves were part of the belongings of the tenant. The mode of living did not make the cook stove the almost universal equipment of houses and apartments supplied by the landlord or owner.

But there comes a time when the law must keep abreast of the changes in social conditions; when we as judges must recognize the circumstances under which the business of housing is now conducted. We must look at the facts as they are and not try to press them into an old-fashioned mold. Today people live in apartments. Some of these, as we all know, are massive affairs, housing hundreds of families and occupying entire blocks. They are owned and operated by realty corporations existing solely for this purpose. They are equipped with modern improvements. Science has revolutionized the art of living. The gas range or cook stove and electric light fixtures and ice boxes are now common in most

every apartment. The tenants do not furnish these things; they are considered a part of the realty and are so treated by every owner and by the tenants. No tenant carries away any of these things when leaving. The mortgagee would be startled if all the ranges and radiators were removed by the mortgagor. They are attached to and form part of the realty as a fact, and it is only a fiction of law which considers them under certain circumstances as strictly personal property. If intention has any bearing upon the question of fixtures it is quite apparent that under modern conditions the gas range in the kitchen has become a part of the realty. " The controlling intention is not the initial intention at the time of procuring the article in question, nor the secret intention with which it is affixed, but the intention which the law deduces from all the circumstances of the annexation." (*Roderick* v. *Sanborn*, 106 Maine, 159.) " The fashion of the times and the mode in which houses are built " no longer classify the cooking range as portable or movable within the meaning of the older cases.

This was the condition of affairs when chapter 642 of the Laws of 1922 amended the Personal Property Law in relation to conditional sales, by conforming it to the law recommended for adoption by the Commissioners on Uniform State Laws. This provided:

"§ *67. Fixtures.* If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed as against any person who has not expressly assented to the reservation. If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers

of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are not to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

In his notes on this provision of the Uniform Act (2-A Uniform Laws, Annotated, § 64), George G. Bogert says: " This section is intended to establish a special filing section for the conditional sale of fixtures. * * * if the conditional sale is concerned with goods which are to be attached to land, the object so sold is to be held out to the world as a part of the realty, although the parties to the conditional sale contract may agree that it shall keep its status as personalty. Creditors and purchasers, the persons for whose benefit the recording acts are enacted, are going to regard the goods conditionally sold as a part of the realty to which they are attached and any searches made will be concerned with real property records. The theory of the Act is that a conditional seller of a fixture should be given protection and allowed to retain title as security for the payment of the price of the fixture, but that in order to retain such title he should be required to give notice adapted as nearly as possible to reaching dealers in real property."

To me it is quite evident that taking into consideration modern conditions and the nature and purpose, as thus declared, of the Uniform Sales Act, cook stoves and ranges placed in the ordinary apartment house and attached in the place built and designed for them become part of the building; a portion of the apartment, the same as doors and windows or mantel pieces; form " a part of the realty; " they are goods which are so affixed to the realty as to become a part thereof, but to be severable without

material injury to the freehold within the meaning of section 67, above quoted. This was intimated, if not decided, in *Kohler Co.* v. *Brasun* (249 N. Y. 224).

Holding these views, I am forced to dissent from the majority opinion.

CARDOZO, Ch. J., POUND, LEHMAN, O'BRIEN and HUBBS, JJ., concur with KELLOGG, J.; CRANE, J., dissents in opinion.

Judgment accordingly.