FREDERICK H. MINETT, Plaintiff, *v.* LILLIAN DURNHERR and PERCY DURNHERR, Her Husband, and Others, Defendants.

Supreme Court, Monroe County, October 15, 1929.

*Frederick M. Whitney*, for the plaintiff.

*Burns & Burns*, for H. C. Gilbert Appliance Company, defendant.

*Ira H. Morris*, for Lillian Durnherr and Percy Durnherr, defendants.

*Hubbell, Taylor, Goodwin & Moser*, for the University of Rochester, defendant.

KNAPP, J. Lillian Durnherr was the owner of the real estate set forth in the plaintiff's complaint. The defendant Percy Durnherr is her husband. On September 18, 1928, the defendant Percy Durnherr purchased from the defendant H. C. Gilbert Appliance Company some Frigidaire equipment of the value of $610, and gave to the defendant appliance company a conditional contract of sale which also recited that the property purchased was to be put in upon the following described real estate: 825 Harvard street (double house), Rochester, Monroe county, N. Y. On the 6th day of October, 1928, this conditional sale contract was filed in the clerk's office of Monroe county. On the 25th day of October, 1928, Lillian Durnherr and Percy Durnherr, her husband, executed a mortgage to one John D. Murphy for $3,000, payable as therein provided, which mortgage was recorded in the clerk's office of the county of Monroe on the 7th day of November, 1928, at ten-seventeen o'clock A. M. in liber 1180 of Mortgages at page 531. This mortgage covered the real estate described in the conditional sale contract as 825 Harvard street in the city of Rochester, N. Y. On the 10th day of November, 1928, John D. Murphy, by an instrument in writing, transferred and assigned the mortgage above stated to Frederick H. Minett, this plaintiff, which assignment was recorded in the clerk's office of the county of Monroe on the 10th day of November, 1928, at eleven-twenty-seven o'clock A. M. in liber 187 of Assignments of Mortgages at page 805.

It appears that the equipment covered by the conditional sale contract consisted of a motor and compressor and two cabinets with a coil inside of each. The cabinets were placed on the floor of the house without any attachment. The compressor and motor lay on the floor of the basement, unattached, and two lines of one-half inch copper tubing connect each compressor with each cabinet. This tubing runs from the cabinets through a hole or holes in the floor and through the partitions to the motors and compressors in the basement.

It appears also that Percy Durnherr, one of the defendants herein, purchased this equipment and placed it in the house or building at 825 Harvard street in the city of Rochester, N. Y., owned by his wife, Lillian Durnherr, and in which he had no title interest.

At the time that this plaintiff took the mortgage above recited from John D. Murphy this conditional sale contract did not appear upon the abstract of title, but upon the foreclosure of the mortgage by the plaintiff it did appear upon such abstract, being indexed under the name of Percy Durnherr, his wife's name not appearing upon the conditional term contract.

The plaintiff now claims that under the statute he became a purchaser in good faith of this equipment, it having been attached to the freehold and became a part thereof, and the appliance company, defendant, contending that it has complied with the terms of the statute relating to conditional sale contracts of this character and that, while it is attached to the freehold, it is readily severable therefrom, and that in fact it is personal property and under no circumstances did it pass under the mortgage now held by this plaintiff.

The Court of Appeals in the late case of *Madfes* v. *Beverly Developing Corp.* (251 N. Y. 12) has discussed so fully the provisions of section 67 of the Personal Property Law (as added by Laws of 1922, chap. 642) that there is little left to be said.

From the stipulated facts I find that this ice equipment was personal property, readily severable from the freehold, and continuing as such; that it was not covered by the lien of the plaintiff's mortgage.

Citation of authorities is not particularly helpful upon the question of what are or what are not fixtures. Each case must, more or less, stand upon its own foundation.

This personal property consists of an ice box, no more, no less, connected, to be sure, with a mechanical device for freezing by electrical energy. It can be readily removed and severed from the freehold without any damage to the freehold whatever.

This personal property never became real estate as between the owner of the property and her husband, or the appliance company. The holder of this mortgage could get no greater rights than the owner of the property had herself, the contract having been filed according to the terms of the statute.

It is interesting to note that this plaintiff is not the mortgagee named in the mortgage. He is a purchaser of the mortgage by an assignment from the mortgagee. Section 61 of the Personal Property Law provides who is a purchaser and states that it includes a mortgagee and pledgee. The question arises, does it include an assignee of a mortgagee, or does it refer only to the mortgagee himself?

It is not stipulated in this case as to the amount due under the plaintiff's complaint. It may be referred to Robert Keefe, an attorney and counselor at law, of Rochester, N. Y. to take proof

of the facts stated in the plaintiff's complaint and the amount due, and upon the coming in of his report findings in accordance with this decision may be made and such findings and the judgment of foreclosure herein may provide that the sale of the real estate set forth in the plaintiff's complaint shall be without prejudice to the rights of the defendant H. C. Gilbert Appliance Company in and to the personal property set forth in the conditional contract of sale above referred to.

An additional allowance is allowed to the plaintiff of two per cent. Costs are allowed to the H. C. Gilbert Appliance Company payable out of any surplus that may remain after the payment of the plaintiff's mortgage, interest, costs and expenses of sale.

Findings may be prepared in accordance with this memorandum.