LLOYDS FIRST MORTGAGE CORPORATION, Plaintiff, *v.* ANTHONY LOMBARDO, Defendant.

Second Department, November 22, 1929.

*Joseph J. Schwartz*, for the plaintiff.

*Anton Korwan, Jr.*, for the defendant.

SCUDDER, J. Lowery Apartments, Inc., is the owner of the premises on the southeast corner of Harold and Nelson avenues, Long Island City.

On August 29, 1927, the plaintiff agreed to loan to Lowery Apartments, Inc., $160,000 in installments, to be secured by mortgage upon the premises and fixtures and appurtenances. The final advances were to be made when the house was completed and " the gas ranges, ice boxes and overhead dryers are in place."

Lowery Apartments, Inc., on August 31, 1927, executed and delivered to plaintiff a mortgage on said premises, fixtures and appurtenances. The mortgage was recorded September 3, 1927. It contained this clause: " Together with the building and improvements erected or to be erected thereon and all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage."

The last two advances under the mortgage were made, respectively, on August 24, 1928, and October 31, 1928, each in the sum of $8,000, at which times the gas ranges, ice boxes and overhead dryers were in place. When said last two payments were made, the plaintiff had no knowledge or notice of the conditional sale agreement between Lombardo, the defendant, and Lowery Apartments, Inc., nor of defendant's rights or claims thereunder.

The conditional sale agreement is dated July 14, 1928, and states that Lombardo (defendant) sold and agreed to deliver to Lowery Apartments, Inc., fifty-six kitchenette ranges for twenty-nine dollars and seventy cents each. It provides for terms of payment and deliveries and reserves title to the ranges in the vendor " until the payment of the whole sum first above mentioned, when title to said property shall vest in the vendee." It also provides for the falling due of the whole sum if vendee fails to pay any note when due, or removes the property from the premises or destroys it, in which event the vendor " shall take possession " of the property.

There is a balance of $985 due defendant for said ranges. The conditional sale agreement was never filed in the Queens county register's office. The ranges were installed July 16, 1928. The defendant threatens to remove them, and plaintiff demands that defendant be restrained from so doing and that the conditional sale agreement be adjudged void as against plaintiff. Defendant asks that his rights under the conditional sale agreement be adjudicated superior to plaintiff's rights and that he be permitted to remove the ranges.

Plaintiff relies upon *Cohen* v. *1165 Fulton Ave. Corp.* (251 N. Y. 24), claiming the facts in that case are identical with those in the case at bar.

Defendant relies upon *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12). The *Madfes* case was decided by this court in May, 1928 (224 App. Div. 671). The Court of Appeals modified our judgment " to provide that the gas ranges are the property of the Coalecon Company, Inc., which is entitled to their possession, and that the same are not subject to the lien of the mortgage."

The *Cohen* case also involved gas ranges in an apartment house. In the *Madfes* case the gas ranges were installed before the mortgage was recorded. The mortgagee had no knowledge of the conditional sale contract for the ranges. The conditional sale contract was filed after the mortgage was recorded. The mortgage contains no clause by which any personal property was included in the property mortgaged. The Court of Appeals, following *Cosgrove* v. *Troescher* (62 App. Div. 123) and *Central Union Gas Co.* v. *Browning* (210 N. Y. 10), said that the latter case " is conclusive upon this issue and requires us to hold that the gas ranges in question are not subject to the lien of the mortgage held by the plaintiff."

The court, construing section 67 of the Personal Property Law (as added by Laws of 1922, chap. 642), said: " In order that it [gas ranges] might become real estate so that the statutory provision would take effect it must be property which after annexation, except for an agreement to the contract, would have become part and parcel of the mortgaged land. That gas ranges, independently of an agreement to that end between buyer and seller, retain their character as personalty, after annexation, has been held in two well-considered cases " (citing *Cosgrove* v. *Troescher, supra,* and *Central Union Gas Co.* v. *Browning, supra*).

The court continued: " Thus this court laid down a rule of property which has doubtless governed the conduct of buyer and seller in innumerable sales which have since been made. We do not feel it to be the province of the court now to alter a rule of property so well established. If relief be needed, the Legislature may provide it. The case of *Central Union Gas Co.* v. *Browning* (*supra*) is conclusive upon this issue and requires us to hold that the gas ranges in question are not subject to the lien of the mortgage held by the plaintiff. * * * Here we are asked to hold that the section has the effect of converting into real estate that which, irrespective of an agreement to that end, is intrinsically personalty. We think that the statute cannot properly be given a construction which would effectuate that result."

In the *Cohen* case the Court of Appeals distinguished the *Madfes* case. The court said: " The mortgage, after describing in detail the real estate mortgaged, continued with words descriptive of the

subject of the mortgage as follows: ' Together with all fixtures and articles of personalty now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage.' Within these descriptive words gas ranges belonging to the mortgagor would necessarily be included. In this respect the issues here are widely different from those presented in *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12). There the question to be determined was whether or not gas ranges after attachment to a building became real property and, as such, were subjected to the lien of a real estate mortgage. Here the question is: Did the mortgagor have title to the gas ranges, so that they became in part the subject-matter of a mortgage executed by it, which covered not only a building owned by the mortgagor but all articles of personalty attached thereto? "

After referring to section 65 of the Personal Property Law, the court continued: " The mortgage was taken by the plaintiff without knowledge of the provision of the conditional sale reserving title, prior to the time when the contract had been filed in the appropriate public office. The plaintiff was, therefore, within the meaning of section 65, a ' purchaser ' who ' without notice of such provision ' purchased the gas ranges before the contract for their sale had been filed. Consequently, as to the plaintiff, the condition reserving title was void and the mortgage upon chattels given to her created a lien upon the ranges in the possession of the mortgagor, as fully as would have been the case had an absolute title thereto been acquired by it."

The case at bar comes squarely within the rule of the Court of Appeals in the *Cohen* case. The facts are similar. The mortgage now considered covered " all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage."

Judgment should be directed in favor of plaintiff, with costs.

Present — LAZANSKY, P. J., RICH, KAPPER, SEEGER and SCUDDER, JJ.

Judgment unanimously directed for plaintiff, with costs, on agreed statement of facts.