NEW YORK TITLE AND MORTGAGE COMPANY, Respondent, v. MENREAL CORPORATION and Another, Appellants, and MENORA LODGE No. 903 FREE AND ACCEPTED MASONS OF THE STATE OF NEW YORK and Others, Defendants.— On the appeal of defendant A. I. Namm & Son, judgment, so far as appealed from, modified by striking out the portions thereof appealed from and substituting in place thereof a provision limiting plaintiff's judgment of foreclosure as against said defendant to the real property described therein, and to the articles of personal property constituting the ventilating system of said building, which have become a part of the freehold by accession, and adjudging that the lien of the judgments of defendant A. I. Namm & Son are superior to the lien of the plaintiff's mortgage upon the remaining personal property in said mortgaged premises, attached thereto. On the appeal of defendant Menreal Corporation, judgment, so far as appealed from, modified by striking out the provisions thereof appealed from and substituting in place thereof a provision limiting plaintiff's judgment of foreclosure as against said defendant to the real property therein described and to such articles of personal property as are attached to the real property, and adjudging that plaintiff, by said mortgage, acquired no lien upon the movable personal property in question and that the same is the property of the said defendant subject to the lien of the judgments held by defendant A. I. Namm & Son. As so modified the judgment, in so far as appealed from, is unanimously affirmed, without costs. In our opinion, the mortgage of plaintiff did not, by the clause in question, cover movable personal property. (Madfes v. Beverly Development Corp., 251 N. Y. 12; Cohen v. 1195 Fulton Ave. Corp., Id. 24;

* Affd., 266 N. Y. ——.

*Central Chandelier Co.* v. *Irving Trust Co.*, 259 id. 343; *Matter of Benevolent and Protective Order of Elks* [*Manufacturers' Trust Co.* v. *Bachrach*], 69 F. [2d] 816.) It did, however, cover the ventilating system which was attached to the building in such manner as to become a part of the realty. It also, as between the parties, and as to defendant Menreal Corporation, covered personal property actually attached to the building. (*Cohen* v. *1165 Fulton Ave. Corp.*, *supra*.) But, as all of such personal property was acquired by the mortgagor after the execution of the mortgage, it was void as to such property as against defendant A. I. Namm & Son, a judgment creditor of the mortgagor. (*Zartman* v. *First Nat. Bank*, 189 N. Y. 267; *Matter of Benevolent and Protective Order of Elks* [*Manufacturers' Trust Co.* v. *Bachrach*], *supra*.) Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in conformity therewith. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ. Settle order on notice.