WILLIAM G. NICKLAS, Plaintiff, *v.* EMMA PICKFORD and Another, Defendants.

Supreme Court, Schenectady County, July 1, 1936.

*James C. Cooper*, for the plaintiff.

*George H. Smith*, for the defendants.

LAWRENCE, J. This is an action in replevin to recover possession of certain articles installed in an apartment house in the city of Schenectady, N. Y., and damages for detention.

Prior to September 1, 1927, the defendants were the owners of the real property where the property, the ownership of which is disputed in this action, was located. On September 1, 1927, these defendants conveyed such real property to Clark & Whitman, Inc., and took back a purchase-money mortgage for $50,000. On November 1, 1927, Clark & Whitman, Inc., executed a mortgage for $22,000 to Charles Wittemeier. Thereafter, and on the same day, Clark & Whitman deeded the real property to this plaintiff, subject to the mortgages for $72,000. The property involved in this action was all placed on the premises after the delivery of the mortgages and the deed. Default was made in paying the first mortgage to the defendants here, and that mortgage was foreclosed and the property bid in by these defendants.

The property in dispute here is as follows: Twelve combination Serval gas refrigerators and Tappan gas ranges; twenty-six white enamel kitchen cabinets; inlaid linoleum in entrance hall, three upstairs halls, and twelve kitchenettes and dinettes; two oil burners; one hot water boiler, tank, welding and bricking.

No evidence regarding other property was submitted.

At the suggestion of the attorneys and after practically all the evidence was submitted, the court and the attorneys visited the

premises in order that a better understanding might be obtained regarding the evidence submitted.

## LINOLEUM.

The floors were laid at the same time. Some of them were laid with oak and some were covered with linoleum instead. The level of the floor where the linoleum was laid was slightly lower than the oak floors. Felt padding was cemented to the floor and the linoleum was cemented to the felt. This was fitted around various corners and pipes, and, if removed, would be largely destroyed. Under the circumstances it should be deemed to be a part of the real estate.

## OIL BURNERS, HOT WATER BOILER, TANK, WELDING AND BRICKING·

The building had previously been equipped for heating with coal. This was changed to the oil heating system. In so doing a 1,000-gallon oil tank was installed, which had to be cut in half and welded after placed in location and had to be bricked up. This was a part of the equipment. It was all a part of the substituted heating system, with hot water connections, and should be deemed to be a part of the real estate.

A different question arises regarding the kitchen cabinets and combination Serval gas refrigerators and Tappan gas ranges under the authority of *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12). The kitchen cabinets are four-door steel or enamel cabinets. They are fastened to the wall by screws in the back, but none on the side. Some of them occupy recesses which might be deemed to have been built for the purpose of taking that size of cabinet. Underneath these cabinets is a wash sink and at the side of the wash sink is the ice box or refrigerator. Above this refrigerator is the gas range.

This combination refrigerator and gas range sets on the linoleum instead of the linoleum being fitted around it. The refrigerator is cooled by a gas and water combination, all connected with pipes. The feed gas pipe is from the main and connects with the stove. As I recall, the gas range shut off is in the basement. The ice box shut off is at the stove. Unions, in some cases at least, permit severance of connections. The shut offs for water are valves on the face of the wall. The plaintiff states he did not intend these cabinets and these combinations to become a part of the real estate. While this equipment seems to be uniform in the various apartments, and, therefore, designed for continual use by tenants, it might also be easily inferred that the moving in and out of different types of equipment would be detrimental to the appearance of the apartments and materially injure the building. They were

adapted to the building, but it cannot be said that they were exclusively so adapted. It is true that their removal would necessitate painting, to some extent at least, but that fact should not establish a change in their character as personal property. This is not a case where the proceeds of any loan were used for the purchase of the property sought to be recovered. The present equipment and arrangement does not differ very materially from the case of *Madfes* v. *Beverly Development Corp.* (*supra*), and under that authority I hold that the kitchen cabinets and combination Serval gas refrigerators and Tappan gas ranges are personal property and may be removed by the plaintiff.

It, therefore, becomes necessary to find value under the statute. The combination refrigerators and ranges are apparently out of date. I prefer to adopt the value at the time of trial at $50 each. They had been retained for about a year and a half at the time of trial and had depreciated, according to the testimony, fifteen per cent. The depreciation would, therefore, be $8.82 for each of the combinations, or $105.84. I adopt the value at the time of trial of the kitchen cabinets as $10 each. They also would depreciate ten per cent a year, according to statements made, or $1.77 each for a year and a half at the time of trial. There were twenty-six of them, and the depreciation, as I figure it, would amount to $46.02.

I, therefore, find that these combinations and kitchen cabinets were capable of delivery, and I find the damage for depreciation from the time of demand to the time of trial to be $151.86.