SILAS S. CLARK and THE PEOPLES NATIONAL BANK AND TRUST COMPANY OF WHITE PLAINS, as Trustees under the Last Will and Testament of FREDERICK W. CLARK, Deceased, for MINNIE M. CLARK, Plaintiffs, *v.* IRENE SELIGMAN, formerly IRENE BROWN, MATILDA BROWN, HARRY L. WEISS, FRANKLIN A. PRATT, ALEXANDER J. BROWN, Defendants.

Supreme Court, Westchester County, April 10, 1937.

*Ruel R. Garside,* for the plaintiffs.

*Adrian Seligman,* for the defendants.

WITSCHIEF, J.   The plaintiffs move for a summary judgment in a foreclosure action and the usual order of reference.   The defendant Seligman moves for a separate jury trial of the issues raised by her counterclaim and the plaintiff's reply.   It is alleged in the counterclaim that the defendant purchased and installed certain chattels in the mortgaged premises subsequent to her purchase of the property and subsequent to the mortgage.   It alleges that such chattels did not become part of the real estate but are movable personal property belonging to defendant and that she is entitled to the ownership of said chattels.   The mortgage involved in this action is in the short form and under section 254 of the Real Property Law the description must be construed to include all fixtures and articles of personal property attached to or used in connection with the premises.   Otherwise, no reference to these chattels is made in the complaint, and whether the plaintiffs claim that they are part of the real estate is unknown.   It is not alleged in the counterclaim that the chattels are in the possession of the plaintiffs, or that any demand for them has been made.   The prayer for relief in the answer indicates that there is a receiver in possession of the property, but the receiver is not a party to the action and no judgment against him may be had.   Nor is there any allegation that any demand has been made of the receiver to surrender the chattels.   Whether, if properly pleaded, the facts alleged would constitute a partial defense is questionable.   In *Farmers & Mechanics Savings Bank* v. *Eagle Bldg. Co.* (151 Misc. 249) it was held that a foreclosure action is not the proper proceeding in which to try title paramount to the mortgage, that the mortgaged property should be sold according to the description in the mortgage and that if a purchaser attempts to take possession of any property not in that description, the owner of such property has an appropriate remedy against the purchaser.   In *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12) the conditional vendor was made a party defendant and the question of the title to the fixtures was litigated. If a receiver is in possession of the property, which is nowhere alleged in the papers submitted except by inference, the defendant's remedy is in replevin against the receiver after proper demand and refusal. The counterclaim fails to state facts sufficient to constitute a cause of action or even a defense.   The denials in the answer raise no triable issue and none is shown by the opposing affidavit on this motion.   The defendant Seligman having procured an extension of the term of the mortgage and having assumed the mortgage, is

liable for any deficiency which may arise on the sale without regard to what may have happened prior to such assumption by her. (*Ross* v. *Davis*, 138 Misc. 863.) The denial in the answer that $180 is the interest which became due on August 27, 1936, raises no issue in the absence of any affirmative defense setting up an agreement to reduce the interest rate or alleging payment or any such claim in the opposing affidavit. Therefore, the plaintiff's motion for summary judgment is granted with ten dollars costs and the defendant's motion for a separate jury trial of the issues raised by the counterclaim and reply is denied. In view of this disposition of the matter, it is unnecessary to go further, but the suggestion is made to the parties that under the decision in the *Madfes* case there seems to be little question that the oil burner became a part of the real estate as did the Hoffman valves, since the removal of either would leave the premises incomplete for the use for which they were designed and would require new connections and the expenditure of money in order to make the premises usable. On the other hand, the gas ranges, refrigerators and screens appear to be movable personal property under the decision in the *Madfes* case, unless the holding in that case has been modified by the Court of Appeals in *Shelton Holding Corp.* v. *150 East 48th Street Corp.* (264 N. Y. 339).