T. Paul Kane, J.
Defendant Union National Bank of Troy moves for an order for permission to interpose an answer and counterclaim in an action to foreclose a purchase-money mortgage given by defendant Edward A. Kahn, Jr. to plaintiff State Bank of Albany on November 12, 1965. Plaintiff State Bank of Albany cross-moves for summary judgment upon the cause of action set forth in the complaint and for an order striking the answer of defendant Union National Bank of Troy in the event the motion to interpose said answer is granted (CPLR 2004 ; 3212).
On July 18, 1967, defendant Kahn and Alma Kahn, his mother, made an application for a home improvement loan which was approved by Union National on July 22, 1967. Between July 18, 1967 and August 15, 1967, Trojan Pools, Inc. constructed a swimming pool of steel, vinyl and cement blocks in an excavation below the surface of the ground on the real property, covered by the plaintiff’s first mortgage. On August 15, 1967, Union National advanced the sum of $2,436 to defendant Kahn, who executed a completion certificate stating that all articles and materials had been furnished and installed and *656 the work was satisfactorily completed. On August 25, 1967, a Uniform Commercial Code financing statement was filed in-the Albany County Clerk’s office.
Thereafter several events occurred in relation to the commencement and joinder of issue in the foreclosure action that are not the heart of the matter but which, together with the affidavit of the attorney for Union National, present good cause for granting the motion for permission to interpose an answer and counterclaim (CPLR 2004).
In the proposed answer, Union National, among other things, asserts a priority for a security interest in the sum of $1,972.77 over the lien of the first mortgage of plaintiff. Thus the main issue to this controversy is whether or not Union National has priority to the interest of the plaintiff State Bank of Albany by having a security interest in an in-ground swimming pool constructed on the real property covered by plaintiff’s first mortgage. The facts as presented by both participants demonstrate that there are no material issues of fact to be decided and, hence, the matter in its present posture is ripe for summary judgment either way (CPLR 3212, subd. [b]). Upon the holding of Madfes v. Beverly Development Corp. (251 N. Y. 12) as it interpreted section 67 of the Personal Property Law (now repealed), it is concluded that the swimming pool in question is a fixture, since it conclusively became part of the realty after annexation. The Uniform Commercial Code does not contain a definition of a “ fixture ’ ’ but provides that the law of this State, other than this act, determines whether and when other goods become fixtures (Uniform Commercial Code, § 9-313, subd. [1]). At this point State Bank and Union National part ways by urging applicability of separate subdivisions of section 9-313, each requiring a determination in its favor. Union National relies upon subdivision (2) of section 9-313 which states that: “ A security interest which attaches to goods before- they become fixtures takes priority as to the goods over the claims of all persons who have an interest in the real estate, .except as stated in subsection (4).” State Bank relies upon subdivision (3) of the same section which provides: “ A security interest which attaches to goods after they become fixtures is valid against all persons subsequently acquiring interest in the real estate except as stated in subsection (4), but is invalid against any person with an interest in the real estate at the time the security interest attaches to the goods who has not in writing consented to the security interest or disclaimed an interest in the goods as fixtures.” The determining question is then, when did Union National acquire a security interest *657 in the swimming pool. Subdivision (1) of section 9-204 of the Uniform Commercial Code defines when a security interest attaches: “ A security interest cannot attach until there is agreement (subsection (3) of Section 1-201) that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching.”
Union National urges that the security interest in the swimming pool attached on July 18, 1967, at the time the loan application was made. While it is correct in all of its other conclusions, the court cannot agree with the suggestion that value was given at any time prior to August 15, 1967 when Union National advanced $2,436 to defendant Kahn. This factor is the crux of this determination and the absence of value prior to August 15,. 1967 rules out the applicability of subdivision (2) of section 9-313 of the Uniform Commercial Code. Subdivision (3) of section 9-313 is applicable and establishes the priority of plaintiff State Bank.
Accordingly, the motion by Union National is granted and the cross motion of plaintiff State Bank for summary judgment is also granted.