KELVINATOR SALES CORPORATION, Plaintiff, *v.* BYRO REALTY CORPORATION and Others, Defendants.

City Court of New York, Bronx County, April 17, 1930.

*McIntyre & Van Steenbergh* [*John G. L. Molloy* of counsel], for the plaintiff.

*Morris Wagman*, for the defendants.

DONNELLY, J. In *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12) it was held that gas ranges which were installed, and, to

the extent that the gas piping in each range was attached by a simple coupling to the gas service pipe which delivered gas to the various apartments, were annexed to the building, retain their character as personalty after such annexation, independently of any agreement between buyer and seller, and that, where sold under a conditional sale contract, they are not subject to the lien of a mortgage placed on the building after the installation of the ranges without knowledge on the part of the mortgagee that title to the ranges had been reserved by the seller, even though the seller had failed to file the agreement as required by the statute. (Pers. Prop. Law, § 67, as added by Laws of 1922, chap. 642, § 2.)

At bar, it is conceded that each of the cabinet Kelvinators, which are small size refrigerators containing apparatus operated by electricity, rests on the floor, and is movable in the same way as are ordinary iceboxes. The sole connection between each of the Kelvinators and the premises is by an electric wire connecting the electrical apparatus inside the refrigerator with any ordinary wall, ceiling or socket electric outlet. They have even less connection to the realty than the gas ranges described in *Madfes* v. *Beverly Development Corp.* (*supra*). It seems to me, therefore, that these Kelvinators are movables of such a character that they were personal property when they were installed in the premises, and that they retain that character, regardless of the agreement between the seller and the purchaser, of which agreement the grantees had no notice when the premises were conveyed to them, due to the seller's failure to file the contract before the conveyance. The word " appurtenances " in the deed to the defendant Byro Realty Corporation does not include plaintiff's personal property. (*Griffiths* v. *Morrison*, 106 N. Y. 165, 170; *Fitzgibbons Boiler Co.* v. *Manhassett Realty Corporation*, 125 App. Div. 764; revd. on dissenting opinion of Scott, J., 198 N. Y. 517.)

Among the provisions of the contract between the seller and the purchaser is the following: " This contract and the conditional bill of sale herein contained is at all times subject to any and all advances to be made on the building loan first mortgage and /or permanent first mortgage to the Loukay Building Corporation and / or Louis Katz up to $80,000 and interest; but nothing herein contained will be construed so as to pass title to the cabinet Kelvinators installed pursuant to this agreement, to the Loukay Bldg. Corp. and /or Louis Katz except upon performance of this agreement by the purchaser herein provided." This provision may evince an intention on the part of the seller to subordinate to the first mortgage. But the seller did not thereby deprive itself of the

right to repossess itself of the Kelvinators in the event of the purchaser's default in payment. The mortgage is upon the realty. It did not include the Kelvinators, which are intrinsically personalty, and, therefore, were not converted into realty. (*Madfes* v. *Beverly Development Corp.*, *supra*.)

Neither *Kohler Co.* v. *Brasun* (249 N. Y. 224) nor *Cohen* v. *1165 Fulton Avenue Corp.* (251 id. 24) avails the defendants. In the former case the court said that it was dealing with a typical case in which a condition reserving title, contained in a conditional sale contract, would have the effect, except for the provisions of section 67 of the Personal Property Law, of imparting the quality of personal property to a machine which otherwise, after annexation, would have taken on the character of real property. For this reason, it was held that section 67 was effective, in aid of a subsequent purchaser for value, to restore to the machine its natural attributes as a real estate fixture and to make it subject to a real estate mortgage, so that a purchaser, after foreclosure thereof, acquired title. (*Madfes* v. *Beverly Development Corp.*, *supra*, at pp. 18, 19.) But, as was said in the *Madfes* case: " Here we are asked to hold that the section has the effect of converting into real estate that which, irrespective of an agreement to that end, is intrinsically personalty. We think that the statute cannot properly be given a construction which would effectuate that result " (p. 19). In *Cohen* v. *1165 Fulton Avenue* (*supra*) the court was dealing with a mortgage which contained these words: " Together with all fixtures and articles of personalty now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage." The court said: " Within these descriptive words gas ranges belonging to the mortgagor would necessarily be included," and it held that, as the mortgage was taken by the plaintiff without knowledge of the provision of the conditional sale reserving title, prior to the time when the contract had been filed, the plaintiff was, within the meaning of section 63 of the Personal Property Law (as added by Laws of 1922, chap. 642, § 2), a purchaser who, without notice of such provision, purchased the gas ranges before the contract for their sale had been filed, and that, as to plaintiff, the condition reserving title was void.

Verdict directed for plaintiff for the relief demanded in each of the complaints in each of the actions consolidated into one action by the order entered herein February 3, 1930. Submit judgment accordingly, on two days' notice.