Thomas J. Klei, J.
On September 7, 1957, the defendant, Julius Fenster, and Ms wife entered into contract for the purchase of premises referred to herein as 379 East Main Street, Centerport, New York. The contract did not include a refrigerator or kitchen stove.
Upon closing, a bond and mortgage was executed between the defendant and his wife as mortgagor and County Federal Savings and Loan Association. The refrigerator and kitchen stove were not part of the premises at the time the mortgage was executed. They were purchased by the defendant at a later date.
In 1964 the mortgage was foreclosed and Mr. Feiger purchased the property at the foreclosure sale. The complainant purchased the property from Mr. Feiger and she received a deed but no bill of sale to the personal property. The refrigerator and kitchen stove were in the premises at the time of the foreclosure sale.
The defendant and his wife remained in said premises as tenants of the complainant.
The defendant vacated the premises during the daytime on December 6, 1969 and removed from said premises the kitchen stove and a refrigerator.
*487 The complainant testified that the defendant removed a wooden cabinet bnilt into a wall in the basement. .
The defendant testified that the wooden cabinet never existed; that he built a frame for a wooden cabinet but none was ever installed.
The defendant .testified that he removed the stove and refrigerator from the premises and stated that since he had purchased them they were his property and that in removing them from the premises he was taking what belonged to him. Some damage was done to the kitchen cabinet in removing the refrigerator and kitchen stove, said damage not being material.
Defendant herein is charged with petit larceny in violation of section 155.25 of the Penal Law of the State of New York.
The information reads as follows: ‘ ‘ That the said defendant on the 6th day of December, 1969, at 379 East Main Street, Centerport in the Town of Huntington, County of Suffolk, New York at about 10:15 O’clock in the forenoon of said day, did commit the offense of Petit Larceny in violation of Section 155.25 of the Penal Law of the State of New York against the person or property of the People of the State of New York by wrongfully, intentionally, knowingly steal property, to wit: kitchen stove, refrigerator, wooden cabinet having an approximate value of under $250.00, from 379 East Main Street, Center-port, New York, with the intent to deprive the owner Ruth Pakula. The defendant did take and remove the items from the above location.”
Section 155.25 of the Penal Law states as follows:
“ A person is guilty of petit larceny when he steals property.
“ Petit larceny is a class A misdemeanor.”
Section 155.05 of the Penal Law defines “ larceny ” as follows: “ A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
Subdivision 1 of section 155.15 of the Penal Law states as follows: “ 1. In any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith.”
Section 1306 of the former Penal Law stated as follows: ‘ ‘ Upon an indictment for larceny it is a sufficient defense that the property was appropriated openly and avowedly, under a claim of title preferred in good faith, even though such claim is untenable ’ ’.
*488 Section 1306 of the former Penal Law was taken verbatim from section 548 of the Penal Code (L. 1881, ch. 676).
A reading of section 1306 of the former Penal Law and section 155.15 of the Penal Law discloses two major differences. Whereas the latter requires a “trespassory taking” in good faith under claim of right, the former did not set forth the requirement of a “trespassory taking ”. Whereas the former required that the taking be made 1 ‘ Openly and avowedly ’ ’, the latter does not set forth such a requirement.
Was it, therefore, the intent of the New York State legislation to restrict a taking in good faith to a situation where a trespass takes place?
Was it the intent of the New York State Legislature to have afforded the defendant a defense of taking the refrigerator and kitchen stove in good faith and under claim of title or right prior to September 1,1967 and to deprive him of such a defense subsequent to September 1, 1967?
In both instances, this court is of the opinion that such was not the intent of the New York State Legislature.
Throughout the history of the crime of larceny during the past century, the basic element of larceny has been the ‘1 intent ” to deprive another of his property. (Wilson v. People, 39 N. Y. 459; People v. Teplitz, 27 A D 2d 891.)
Nevertheless, despite the wording of the statute, it evolved that in order for a defendant to avail himself of the defense that the taking was made under color of title there must be some showing of a color of title. (People v. Jones, 142 App. Div. 180; People v. Weiss, 172 Misc. 889; People v. Teplitz, supra.)
However, nowhere, until September 1, 1967, was it ever required that there be a “ trespassory taking ”.
Nevertheless, it is the opinion of this court that it was not the intent of the New York State Legislature to restrict the manner of taking property in good faith under a claim of right. There is a myriad of instances where such a taking may be made without the commission of a trespass.
The New York State Legislature, with the same brush that wiped out the requirement that the property be “ appropriated openly and avowedly” painted the requirement that it be a “ trespassory taking ”.
Since it is the “ intent ” to deprive another of property which is the basic element of larceny, the manner of taking is of no importance; it is the taking under a claim of right made in good faith which constitutes the defense.
This opinion is also held by Richard Gk Denzer and Peter McQuillan who, in the Practice Commentary (McKinney’s Cons. *489 Laws of N. Y., Book 39, Penal Law) referring to section 155.15 of the Penal Law, state (p. 446): “ Subdivision 1 substantially restates former Penal Law § 1306. The provision is perhaps unnecessary, for it would seem that a defendant who establishes that his taking was ‘ under a claim of right made in good faith ’ automatically negates larcenous intent (see § 155.05 [1]).”
The question which now arises is this: Were the refrigerator and kitchen stove appropriated by the defendant under a claim of right made in good faith?
It has been held that gas ranges are personalty and do not come into the ownership by the mere operation of the purchase of the realty wherein they are located. (Madfes v. Beverly Development Corp., 251 N. Y. 12; ALF Holding Corp. v. American Stove Co., 253 N. Y. 450. See, also, Marraro v. State of New York, 12 N Y 2d 285, 292.)
Whether the kitchen stove was electric or gas was not established upon the trial.
It has been held that electric refrigerators retain their identity as personalty. (Kelvinator Sales Corp. v. Byro Realty Corp., 136 Misc 720, affd. 233 App. Div. 653.)
It is the opinion of this court that the refrigerator and kitchen stove were appropriated under a claim of right made in good faith.
This court does not determine title to the refrigerator and kitchen stove since that should be a matter of civil litigation.
The existence of the wooden cabinet in the basement was not established beyond a reasonable doubt.
The court finds the defendant not guilty of violation of section 155.05 of the Penal Law.